IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20519
Summary Calendar
_____

LUPE VALDES,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.; ET AL.,

Defendants,

WAL-MART STORES, INC.; TERRY WILLIAM,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

January 12, 2000

Before JOLLY, JONES, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this appeal, we consider the sole question of whether 28 U.S.C. § 1447(c) requires an award of attorney's fees in each case remanded to the state court because the removal was improper. We make clear that the statute is discretionary. Here, the district court did not abuse its discretion in denying attorney's fees to the plaintiff.

I

Lupe Valdes was abducted at knifepoint from a busy Wal-Mart parking lot at 5:30 p.m. on August 2, 1993.  Her assailant forced her to drive to another location, behind a Petsmart store, where he raped her.  Valdes sued Wal-Mart, the Wal-Mart general manager of the store from which she was abducted, Terry Williams, and Petsmart in Texas state court.  Wal-Mart removed the case to federal district court.  Wal-Mart argued that Valdes fraudulently joined the Wal-Mart general manager.  The district court denied Valdes's motion to remand.  The district court later entered summary judgment against Valdes's claims.  On appeal, in an unpublished opinion issued September 4, 1998,[1] we reversed on the basis of improper removal, and ordered the case remanded to state court. The summary judgment against Valdes was thus mooted.  Following our disposition, Valdes made a motion before the district court under 28 U.S.C. § 1447(c) for an award of attorney's fees, costs, and expenses.[2]  On April 26, 1999, without explanation, the district court denied Valdes's motion in its entirety.  Valdes appeals this judgment.

II

[1]Valdes v. Wal-Mart Stores, Inc., et al., Nos. 97-20179 & 97-20610.

[2]28 U.S.C. § 1447(c) provides:  ". . . An order remanding the case *may* require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." (Emphasis added.)

The decision of the district court to award or not to award attorney's fees is reviewed for an abuse of discretion. See <u>Avitts v. Amoco Prod. Co.</u>, 111 F.3d 30, 32 (5th Cir. 1997). Valdes argues that once a determination of improper removal has been made, an award of fees is virtually automatic. Valdes argues that "[o]nce the court determines that removal was indeed legally improper . . . the only remaining issue is the amount of costs and fees to award." Such is not the law. There is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute makes such an award discretionary. Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them.

In deciding this matter, we do not consider Wal-Mart's motive in removing the case to district court. To be sure, the district court may award fees even if removal is made in subjective good faith. In 1988, Congress amended § 1447(c) to delete language that might have been construed to necessitate a showing of bad faith removal.[3] <u>See</u> Pub. L. 100-702, Tit. X, § 1016(c)(1), 102 Stat. 4670. Other circuits have construed this amendment to require a

---

[3]Prior to the 1988 amendment, subsection (c) read in pertinent part: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."

focus on the legal propriety of removal without regard to motive. See Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 322 (10th Cir. 1997) ("[T]he key factor is propriety of defendant's removal. The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)"); Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 923 (2d Cir. 1992) ("[T]he statute as amended makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction."). See also Penrod Drilling Corp. v. Granite State Ins. Co., 764 F.Supp. 1146, 1147 (S.D. Tex. 1990). In sum, we do not consider the motive of the removing defendant.

We do, however, consider objectively the merits of the defendant's case at the time of removal. See, e.g., Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). In Miranti, an insurance company defendant removed a tort action to federal court based on diversity. After removal, the plaintiff dismissed his action against the individual policyholder. This dismissal limited the plaintiff's recovery to the policy limit, a sum less than the necessary amount in controversy for federal jurisdiction under 28 U.S.C. § 1332. Following a trial and adverse verdict, the plaintiff moved to remand the case. The district court granted

4

this motion on the basis of lack of jurisdiction, and awarded costs and attorney's fees to the plaintiff.  We reversed the award of attorney's fees.  In so doing so, we stated: "[W]e are not persuaded that Congress intended for routine imposition of attorney fees against the removing party when the party *properly* removed." (Emphasis added.)  Applying a sort of deductive rationale, Valdes would read this language to suggest implicitly that an award of attorney's fees must be routine if a party <u>improperly</u> removes an action to federal court. Valdes insists, in other words, that when it is subsequently determined that removal was in legal error, attorney's fees must be granted to the plaintiff.  Without demeaning the efforts of Valdes to turn an argument, we cannot accept this sophistic reading of <u>Miranti</u>.

The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.  We evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper.  "[T]he propriety of the defendant's removal continues to be central in determining whether to impose fees."  <u>Id.</u> at 928.[4]  <u>See also</u> <u>Daleske v. Fairfield Communities,</u>

---

[4]In <u>Miranti</u>, we stated:

"The matter is left to the [district] court's discretion,

<u>Inc.</u>, 17 F.3d 321 (10th Cir. 1994) (declining to award fees on conclusion that defendant had legitimate basis for believing district court had jurisdiction); <u>Schmitt v. Ins. Co. of N.Am.</u>, 845 F.2d 1546, 1552 (9th Cir. 1988) (holding fees to be inappropriate where removal was "fairly supportable"); <u>cf.</u> <u>Morgan Guar. Trust Co.</u>, 971 F.2d at 923 (awarding fees only after finding fault with defendant's tactics). In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.

---

> to be exercised based on the nature of the removal and nature of the remand." Commentary on 1988 Revision by David D. Siegel following 28 U.S.C.A. § 1447 (West.Supp. 1993). . . . Courts considering fees awards under § 1447(c) invariably take into consideration the defendant's decision to remove. <u>See</u> <u>Vatican Shrimp</u> [<u>Co. v. Solis</u>], 820 F.2d [674] at 821 [(5th Cir. 1987)] (considering complexity and uncertainty of the law on the removal issue in evaluating sanctions); <u>see also</u> <u>Moore</u> [<u>v. Permanente Medical Group</u>], 981 F.2d [443] at 447 [(9th Cir. 1992)] (finding some evaluation of merits of remand necessary to review attorney's fee award, regardless of the standard of review); <u>but see</u> <u>Bucary</u> [<u>v. Rothrock</u>], 883 F.2d [447] at 449 [(6th Cir. 1989)] (refusing to review defendant's arguments because to do so would amount to review of the remand). . . . Although the <u>Bucary</u> court seemingly eschewed consideration of the merits of the defendant's argument for removal, it nevertheless considered the "weakness" of "the removal question" in evaluating the district court's exercise of discretion. <u>Bucary</u>, 883 F.2d at 449.

3 F.3d at 928.

Wal-Mart argues that it had a reasonable belief that removal was proper on the basis of fraudulent joinder of the store manager. We agree. First, Wal-Mart asserts that it has removed at least one similar case and we upheld its removal on appeal. See Anne Lacamu v. Wal-Mart Stores, Inc. and James Quillman, No. 95-20313 (affirmed on appeal in unpublished disposition). Such a result in itself is sufficient to justify a decision to remove a similar case. Second, Wal-Mart asserts that Texas case law at the time of removal implied that Valdes could not sustain her cause of action against the Wal-Mart store manager. Wal-Mart points to Texas Supreme Court case law "show[ing] a definite trend against recognizing individual liability on employees." (Citing Leith v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996); Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995); Holloway v. Skinner, 898 S.W.2d 793, 795 (Tex. 1995); Natividad v. Alexsis, Inc., 875 S.W.2d 695 (Tex. 1994); Maxey v. Citizens Nat'l Bank, 507 S.W.2d 722 (Tex. 1974)). We need not express an opinion on these cases except to say that Wal-Mart could conclude from this case law that its position was not an unreasonable one.[5] Wal-Mart next asserts that there is "no Texas

_____

[5]Wal-Mart presented this same line of cases in the previous appeal in this case. Under a deferential standard of review, we held that these cases did not clearly bar Valdes's claim. That conclusion is not inconsistent with our finding in the instant appeal despite Valdes's contention that "had [these cases] truly evidenced a 'trend' as Wal-Mart asserts, presumably the [Fifth Circuit] would not have acted as it did.". The basis of our

7

law permitting personal liability on the part of a store manager in a third[-]party criminal assault case of this type." Valdes cites no case law on point to the contrary. In contrast, Valdes's case against Wal-Mart's store manager relied on a single Texas appellate court case that was in excess of forty years old, which, at the time of removal, had never been cited by another other court, and which is factually distinguishable. See S.H. Kress & Co. v. Selph, 250 S.W.2d 883 (Tex. Civ. App.--Beaumont 1952, writ ref'd n.r.e.). In our unpublished opinion, we held that removal was improper because a case decided after Wal-Mart's removal cited Selph as still good law. See Wal-Mart Stores, Inc. v. Deggs, 971 S.W.2d 72

---

previous review should be clearly understood. In our disposition with respect to improper removal, we stated: "'[H]aving assumed all of the facts set forth by [Valdes] to be true and having resolved all uncertainties as to state substantive law against the defendant,' B., Inc. [v. Miller Brewing Co.], 663 F.2d [445] at 550 [(5th Cir. (Unit A) 1981)], we find that there is a reasonable possibility that Valdes has stated a valid Texas law cause of action against Williams." Such deference to the plaintiff's legal argument, and construction of case law against the removing party, logically explains why a case improperly removed may not merit an award of attorney's fees under § 1447(c). Indeed, in our unpublished opinion, we stated: "If read broadly, the principles of Leitch might well undermine Selph. . . . But Leitch was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context. Nothing in it expressly reflects that it would be so extended. As explained below, a Texas court of appeals [Deggs] has recently held that neither Centeq nor Natividad undermines the holding of Selph. We cannot say that that conclusion is so clearly wrong as to be unreasonable." If only with respect to Leitch, this language suggests, but for the standard of review, the panel would have concluded that Wal-Mart had a reasonable basis on which to argue that Valdes had no case against its store manager.

8

(Tex. App.--Beaumont 1996), *rev'd on other grounds*, 968 S.W.2d 354 (Tex. 1998).  Obviously Wal-Mart did not have the benefit of this case when it removed the action to district court.  Even if it had, Wal-Mart would have had a plausible argument that the reference to Selph in Deggs is dicta.  Finally, Wal-Mart argues that its removal was reasonable in the light of the fact that,

> [j]oining local employees to defeat diversity jurisdiction is a common and wasteful practice by attorneys who rarely, if ever, actually pursue claims against those individuals and know that they tend to be judgment proof.  The lack of desire to obtain judgments against individual employees is most routinely evidenced by non-suits of those individuals either before or during trial.

We would dismiss this argument as speculative and without support in the record but for a subsequent advisement provided us under 5th Cir. R. 28.5 stating that "Valdes non-suited the individual, non-diverse Defendant, Terry Williams, with prejudice, prior to opening statements."

III

In sum, we find that Wal-Mart had objectively reasonable grounds upon which to remove this case to district court. Thus, although we earlier concluded that removal was improper, that conclusion does not require the district court to award attorney's fees on Valdes's behalf. The district court simply did not abuse its discretion in declining such an award in this case, and its judgment is therefore

A F F I R M E D.