IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60814
Summary Calendar
_____

STANTON J. FOUNTAIN, III, by and through his father
and next friend, STANTON J. FOUNTAIN, JR.,

Plaintiff-Appellee,

versus

BOARD OF TRUSTEES OF THE BILOXI
MUNICIPAL SEPARATE SCHOOL DISTRICT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CV-433-GR
--------------------
July 12, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

The defendant, Board of Trustees of the Biloxi Municipal Separate School District ("Board"), noticed an appeal from an award of attorney's fees imposed <u>sua sponte</u> for the Board's removal of this case to federal court. The district court determined that the plaintiff's motion to remand should be granted and ordered the Board's attorneys – not the Board – to pay $1,200 in attorney's fees. The court did not state the legal basis for the award but excluded Rule 11 so presumably relied on 28 U.S.C. § 1447(c).

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Only the party aggrieved has standing to appeal. In re Sims, 994 F.2d 210, 213 (5th Cir. 1993). As the party aggrieved by the district court's order, the Board's attorneys, Adams & Reese, have standing to appeal. But they have not; only the Board has. Although Adams & Reese is not named as the appellant, the court has jurisdiction to hear this appeal because there is only one order appealed from and only one aggrieved party, so that it is objectively clear from the notice of appeal that Adams & Reese is appealing the fee order. Fed. R. App. P. 3(c)(4); Garcia v. Wash, 20 F.3d 608, 609 (5th Cir. 1994).

There is no automatic entitlement to attorney's fees in a case of improper removal. Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000). A district court's decision to award attorney's fees is reviewed for an abuse of discretion. Id. The propriety of the defendant's removal is central to the decision to award fees, but the defendant's motive for removing the case is not relevant. Id. at 292-93; Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). This court evaluates "the objective merits of removal at the time of removal." Valdes, 199 F.3d at 293, Miranti, 3 F.3d at 928. An award of attorney's fees is not proper when the defendant has "objectively reasonable grounds to believe the removal was legally proper." Valdes, 199 F.3d at 293; Miranti, 3 F.3d at 929.

The plaintiff's complaint alleged violations of school district rules, Mississippi law, and the U.S. Constitution, and plaintiff claimed relief under 42 U.S.C. § 1983. The Board removed the case pursuant to 28 U.S.C. § 1441(b), asserting federal-

2

question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a).

The federal district court had concurrent original jurisdiction with the state court to hear the plaintiff's federal claims. Home Builders Ass'n of Miss. v. City of Madison, Miss., 143 F.3d 1006, 1012, n.32 (5th Cir. 1998); Flores v. Edinburg Consol. Indep. Sch. Dist., 741 F.2d 773, 777, n.5 (5th Cir. 1984). This action was removable. 28 U.S.C. § 1441(a); City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997); Baldwin v. Sears, Roebuck & Co.. 667 F.2d 458, 459-60 (5th Cir. 1982). The district court also had supplemental jurisdiction over Fountain's state-law claims at the time of removal. 28 U.S.C. § 1367(a); City of Chicago, 522 U.S. at 164-66. Therefore, there was an objectively reasonable basis for removal, hence the award was an abuse of discretion.

The decision of the district court awarding attorney's fees is VACATED.