IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30374
Summary Calendar

_____

J.K. HAYNES FOUNDATION AND LEGAL
DEFENSE FUND, DIVISION OF EDUCATION,
INC., on behalf of J.K. Haynes Elementary
Charter School,

                                         Plaintiff-Appellant,

versus

LOUISIANA BOARD OF ELEMENTARY AND
SECONDARY EDUCATION; EAST BATON
ROUGE PARISH SCHOOL BOARD; GARY
MATTHEWS,

                                         Defendants-Appellees.

_____

Appeal from the United States District Court for
the Middle District of Louisiana
(U.S.D.C. No. 99-CV-607-A)

_____

September 19, 2000

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

J.K. Haynes Foundation and Legal Defense Fund (Haynes Foundation) appeals from a denial of costs including attorney fees under 28 U.S.C. § 1447(c) in a case improperly removed by the defendants and remanded by the district court for lack of subject matter jurisdiction. Appellee-defendants, the Louisiana Board of Elementary and Secondary Education (BESE), the East Baton Rouge Parish School Board, and Gary Mathews, Superintendent of the school board, contend that the district court acted within its discretion in refusing to award costs. We agree.

The Haynes Foundation filed a declaratory judgment action in Louisiana state court, seeking a determination that its charter school application was properly before BESE. Defendants jointly removed the action to federal court, asserting that the case was inextricably intertwined with an ongoing school desegregation case. The district court remanded the case, finding that the complaint raised no federal question and that application of the All Writs Act, 28 U.S.C. § 1651, was unnecessary.

In remanding a case to state court, a district court may award just costs including attorney fees to the plaintiff if the defendant had no reasonable grounds for believing removal was legally proper. The decision to award or not to award those fees is within the discretion of the court. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal."). "[T]he question . . . is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

When the district court found that serious arguments supported removal, that referred to the court's own evaluation of the arguments and not merely the subjective opinion of defendants. The record supports that conclusion. In these circumstances, we cannot say that the district court exceeded the broad limits of its discretion by refusing to award costs and attorney fees. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.