**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-20062

HAMPTON GILLESPIE,

Plaintiff-Appellee,

VERSUS

THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
H-00-CV-1852

February 20, 2002

Before GARWOOD, JOLLY and DAVIS, Circuit Judges

PER CURIAM[*]

The University of Texas Health Science Center at Houston (UT-Houston) appeals from the district court's award of attorney's fees to Hampton Gillespie under 28 U.S.C. § 1447 (c), following the sua sponte remand of the case to state court. We have appellate

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction to review the award of attorney's fees. See <u>Miranti</u> <u>v. Lee</u>, 3 F.3d 925(5th Cir.1993). We review for an abuse of discretion. <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 293 (5th Cir. 2000).

The propriety of the challenged award of attorney's fees depends upon whether appellant had reasonable grounds to believe that a federal question was presented at the time it removed the case to federal court. Our review of the record satisfies us that Gillespie's allegations questioning whether the plan provided by appellant complied with Section 403(b) of the Internal Revenue Code(26 U.S.C.§403(b)) were sufficient to provide appellant with reasonable grounds to believe that a substantial federal question was presented. "[I]f a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties," then it arises under federal law, and federal jurisdiction exists. <u>Franchise Tax Board v. Construction Laborers</u> <u>Vacation Trust,</u> 103 S. Ct. 2851(1983).

Because the appellant had an objectively reasonable basis for removing this case to federal court, the district court erred in awarding attorney's fees to appellee under 28 U.S.C. § 1447(c) for wrongful removal. The district court's award of attorney's fees to appellee for wrongful removal is therefore reversed and judgment is rendered in favor of appellant on this award.

Gillespie's Motion for an award of appellate attorney's fees

is denied.

REVERSED AND RENDERED.

MOTION DENIED.