United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41278
Summary Calendar

_____

DAVID HAFFLEY, Deceased; MARY LOU HAFFLEY;
KATRINA KAY HAFFLEY,

Plaintiffs-Appellees,

versus

NATIONWIDE MUTUAL INSURANCE CO.; JOHN VEALE;
NATIONWIDE INSURANCE CO.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:02-CV-197)

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Nationwide appeals the remand of this action, pursuant to 28 U.S.C. § 1447(c), to Texas state court. Alternatively, it petitions for mandamus relief. Nationwide also appeals the district court's awarding plaintiff costs and fees related to Nationwide's removal.

Judy Chaney, pursuant to a turnover order through which she obtained the Haffleys' rights against Nationwide, brought suit in

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas state court. She alleged: (1) unfair claim settlement practices under, *inter alia*, Art. 21.21, § 4(10) of the Texas Insurance Code; (2) breach of the duty to settle; and (3) violation of the Texas Deceptive Trade Practices Act (DTPA). Chaney also sought a declaratory judgment that a release signed by the Haffleys regarding these claims was invalid. Nationwide removed to federal court, contending that its employee, Veale, had been fraudulently joined to defeat diversity jurisdiction. As noted, the case was remanded to state court.

"Our standard of review as to determinations of jurisdiction is plenary." **Bogle v. Phillips Petroleum Co.**, 24 F.3d 758, 760 (5th Cir. 1994)(citation omitted). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). However, only those cases remanded for grounds described in § 1447(c) are immune to review under § 1447(d). **Thermtron Prods., Inc. v. Hermansdorfer**, 423 U.S. 336, 345-46 (1976), *abrogated on other grounds*, **Quackenbush v. Allstate Ins. Co.**, 517 U.S. 706 (1996). Lack of subject matter jurisdiction is a § 1447(c) ground. *E.g.* **Heaton v. Monogram Credit Card Bank of Georgia**, 231 F.3d 994, 997 (5th Cir. 2000), *cert. denied*, 533 U.S. 915 (2001). The district court determined that it lacked diversity jurisdiction and, pursuant to § 1447(c), remanded the action to state court. Therefore, this court has no jurisdiction to review that decision whether through appeal, *see* 28 U.S.C. § 1447(d), or through a petition for a writ

of mandamus, *e.g.* **Linton v. Airbus Industrie**, 30 F.3d 592, 599 (5th Cir.), *cert. denied*, 513 U.S. 1044 (1994).

An award of fees and costs relating to a motion to remand is reviewed for abuse of discretion. **Valdes v. Wal-Mart Stores, Inc.**, 199 F.3d 290, 292 (5th Cir. 2000). The award is proper if the removing party had no "objectively reasonable grounds to believe the removal was legally proper". **Id**. at 293.

The district court stated: "Since Defendants failed to address all Plaintiffs' claims, Defendants could not objectively believe that removal was legally proper". The district court held defendants failed to address plaintiffs' claims under the Texas Uniform Fraudulent Transfer Act (TUFTA) "and only address[ed] the Texas [DTPA] under the issue of collateral estoppel". Regarding the release that defendants claim immunizes them from suit, the district court stated defendants "never address[ed] Plaintiffs' claims of fraud, duress, or lack of consideration".

Regarding TUFTA, none of the plaintiffs' pleadings assert a claim under the Act, nor do plaintiffs contend on appeal that they did so. As to plaintiffs' DTPA claim, it is tied to the Art. 21.21 claim, which the district court found to only "possib[ly]" constitute a state cause of action. *See* TEX. BUS. & COM. CODE § 17.50(a)(4). Finally, defendants, in responding to plaintiffs' remand motion, addressed plaintiffs' claims of fraud, duress and lack of consideration with regard to the release by contending there was no evidence to support such claims. In this regard, the

defendants attached an affidavit by Haffley to show those claims were invalid.

Because the district court based its determination that defendants could not objectively believe that removal was proper on the defendants' failure to address the above issues, it abused its discretion in awarding costs and fees to plaintiffs.

*DISMISSED IN PART; VACATED IN PART*