United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 31, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20162
Summary Calendar

HOWETH INVESTMENTS, INC,;
JACK HOWETH, as Trustee for the
881 Brogden Trust and the 901
Brogden Trust, assignees of
Howeth Investments, Inc.,

Plaintiffs-Appellees,

versus

THE CITY OF HEDWIG VILLAGE PLANNING
AND ZONING COMMISSION; S. FRANK WHITE;
NORMAN WARD; KATHY VASQUEZ; BOB WEINER;
CITY OF HEDWIG VILLAGE, TEXAS,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4270
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Howeth Investments and Jack Howeth, as trustee for two family trusts, (hereinafter "Howeth"), sued the City of Hedwig Village Planning and Zoning Commission and its chairman, Frank White, (hereinafter the "Commission") in state court, alleging

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the Commission had wrongfully refused to approve Howeth's plans for subdividing two existing residential lots into four lots. The Commission removed the suit; Howeth filed a motion to remand and sought an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). The district court found that the removal was not timely filed, remanded the case to the state court, and awarded Howeth attorney's fees in the amount of $19,306. Although 28 U.S.C. § 1447(d) precludes this court from reviewing the remand order, this court has jurisdiction to review the district court's award of attorney's fees and costs under § 1447(c). Miranti v. Lee, 3 F.3d 926-928(5th Circ. 1993).

The Commission argues that the removal was timely filed because it was filed within four days of Howeth's filing of its sixth amended complaint, which was the first pleading filed asserting claims giving rise to federal question jurisdiction. Howeth responds that its initial petition and fourth amended petition placed the Commission on notice that it was asserting federal claims and, thus, the Commission should have sought removal based on those earlier pleadings. The district court agreed with Howeth's argument.

A review of initial petition and the fourth amended petition reflects that Howeth was seeking relief under the Texas Constitution and state statutes. At that point in the litigation, the Commission did not have an objectively reasonable

basis to seek removal to federal court.  See <u>Valdes v. Wal-Mart Stores</u>, 199 F.3d 290, 293 (5th Cir. 2000).

Howeth alleged a federal takings claim in his sixth amended petition.  However, that claim was not ripe for federal review and could not serve as a basis for removal.  See <u>Samaad v. City of Dallas</u>, 940 F.2d 925, 933 (5th Cir. 1991).

Howeth's substantive due process claims specifically alleged in the sixth amended petition supported federal jurisdiction even if the related takings claim was not ripe for federal review. <u>See</u> <u>Simi Investment Co. v. Harris County, Texas</u>, 236 F.3d 240, 248-49 (5th Cir. 2000).  Because the Commission did not have an objectively reasonable ground for removal until it received notice of the sixth amended petition, the district court's award of attorney's fees was an abuse of discretion.  See <u>Valdes</u>, 199 F.3d at 293.  The judgment making the award attorney's fees is REVERSED.