**Brian GONZALEZ, Plaintiff,**

v.

**WHELAN SECURITY COMPANY and Whelan Security of Texas, Defendants.**

**No. EP–06–CA–18–PRM.**

United States District Court, W.D. Texas, El Paso Division.

April 18, 2006.

---

Antonio V. Silva, Law Offices of Antonio V. Silva, El Paso, TX, for Plaintiff.

Michael Rudy Wyatt, Scherr, Legate & Ehrlich, PLLC, El Paso, TX, for Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Brian Gonzalez's ("Plaintiff") "Motion to Remand and for Costs and Brief in Support" ("Motion"), filed on February 10, 2006, and Defendants Whelan Security Company and Whelan Security of Texas LLC ("Defendants") "Response to Motion to Remand" ("Response"), filed on February 23, 2006 in the above captioned cause. After due consideration, the Court is of the opinion that Plaintiff's Motion should be granted for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2005, Plaintiff initiated this action by filing his "Original Petition" ("Petition") in the 346th District Court of El Paso County, Texas. Pl.'s Pet. 1. In his Petition, Plaintiff named as defendants Whelan Security Co. and Whelan Security of Texas LLC, which he characterized as two Missouri business entities doing business in Texas. *Id.* Plaintiff alleged that on or about February 20, 2005, "[i]n the course and scope of his employment, under the supervision of Defendant, [he] sustained an on-the-job injury to his back and other parts of his body." *Id.* at 2. Plaintiff further contends that he was employed by Defendants at the time of his injury. *Id.* As a result of his injury, Plaintiff sought worker's compensation benefits. *Id.* Plaintiff alleges that on or about April 2005, Defendants violated Texas Labor Code Sections 451 *et seq.* by terminating his employment and/or discriminating against him because he, in good faith, instituted a worker's compensation proceeding. *Id.* Plaintiff further asserts a claim for unpaid wages for time he allegedly worked without compensation. *Id.* at 3.

On January 11, 2006, Defendants removed this action to federal district court by filing their Notice of Removal. Defendants assert that removal is proper pursuant to 28 U.S.C. § 1331 because Plaintiff's claim involves a federal question arising under the Fair Labor Standards Act ("FLSA"). Defs.' Notice of Removal ¶ 6. Alternatively, Defendants contend that removal is appropriate under 28 U.S.C. § 1332(a) because the requirements of diversity jurisdiction are met. *Id.* ¶ 7. Defendants aver that they are Missouri corporations whose principal places of business are in Missouri, Plaintiff is a Texas citizen, and the matter in controversy exceeds $75,000. *Id.*

On February 10, 2006, Plaintiff filed the instant Motion asking the Court to remand the case to state court. Plaintiff states that his claim for worker's compensation retaliation is not removable to federal court pursuant to 28 U.S.C. § 1445(c). Pl.'s Mot. ¶ 6. Plaintiff states that his remaining unpaid wage claim does not involve a federal question, and therefore no federal question jurisdiction exists. *Id.* ¶ 5. Plaintiff further states that the requirements of diversity jurisdiction are not met because the pleadings do not demonstrate that Defendants are citizens of a

state other than Texas or that the amount in controversy is over $75,000. *Id.* ¶ 9. Additionally, Plaintiff contends that the pleadings fail to demonstrate that Whelan Security of Texas LLC is represented by counsel or properly joined in the removal. *Id.* ¶ 10. Finally, Plaintiff requests that the Court award him his court costs, expenses, and attorney's fees. *Id.*

## II. ANALYSIS

The jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). As such, a presumption exists against the existence of federal jurisdiction, and "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* Thus, to support the propriety of removal, Defendants bear the burden of establishing facts demonstrating that the Court had jurisdiction over the above-captioned cause at the time of removal. *Id.* Any doubts as to the propriety of removal jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

### A. Texas Worker's Compensation Claim

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, this general right of removal is subject to limitations. Most relevant to Plaintiff's Motion is 28 U.S.C. § 1445, which enumerates various types of civil actions that, by their very nature, cannot be removed. In particular, 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." By statute, Congress prohibited the removal of state worker's compensation claims, "[i]n an effort to control the ever-increasing flow of compensation cases into already strained federal dockets." *Trevino v. Ramos*, 197 F.3d 777, 781 (5th Cir.1999).

■ Plaintiff correctly states that his claim for relief pursuant to the Texas Labor Code is non-removable under the explicit terms of 28 U.S.C. § 1445(c). *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir.1998) (stating that a "claim of retaliatory termination under § 451.001" is not removable because it "is a claim arising under Texas worker's compensation laws"). Furthermore, in *Sherrod*, the Fifth Circuit clarified that state worker's compensation claims must be remanded regardless of whether defendants premise removal on a federal question or diversity of citizenship. *Id.* at 1118–19. Accordingly, the Court is obligated to remand Plaintiff's worker's compensation claim to state court regardless of whether the Court can exercise jurisdiction over Plaintiff's wage claim.

### B. Unpaid Wage Claim

#### 1. Federal Question

■ Pursuant to 28 U.S.C. § 1331, a federal court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This is also referred to as "federal question" jurisdiction. Typically, a case will implicate federal question jurisdiction if "there appears on the face of the complaint some substantial disputed question of federal law." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). A complaint will create federal

question jurisdiction when it states a claim created by federal law or when it states a claim created by state law and "(1) a federal right is an essential element of the claim of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery*, 243 F.3d at 918.

A plaintiff is "the master of her complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir.2001). Accordingly, a court looks to the plaintiff's well-pleaded complaint to determine whether federal question jurisdiction is proper. *Howery*, 243 F.3d at 916. Furthermore, when a choice exists between federal and state law, a plaintiff may elect to proceed exclusively on the basis of state law, thereby frustrating a defendant's opportunity to remove. *Medina*, 238 F.3d at 680. Ultimately, to support removal, a defendant must demonstrate "that a federal right is an essential element of the plaintiff's cause of action." *Id.*

The gravamen of Defendants' argument is that Plaintiff's wage claim was properly removed to federal court because it is "cognizable" under the FLSA. Defs.' Resp. 1. Whether Plaintiff's wage claim is "cognizable" under the FLSA is not the appropriate inquiry. Rather, Defendants must demonstrate that a federal right is an essential element of Plaintiff's wage claim. Plaintiff's claim for unpaid wages and demand for liquidated damages and attorney's fees is available under either state or federal law. *See* 29 U.S.C. § 201 *et seq.* (enumerating federal wage claims and remedies); Tex. Lab.Code §§ 61.001 *et seq.* (providing Texas wage claims and remedies). Furthermore, Plaintiff's Petition does not state the statutory basis for his unpaid wage claim. Consequently, nothing in Plaintiff's Petition affirmatively demonstrates that Plaintiff is proceeding under the FLSA or that a federal right is

essential to his wage claim. On the contrary, Plaintiff's election to file in state court militates against a finding that Plaintiff intended to pursue his wage claim under the FLSA. Accordingly, the Court concludes that Defendants have failed to meet their burden of demonstrating that federal question jurisdiction is present.

### 2. Diversity Jurisdiction

Districts courts have original jurisdiction over civil actions where complete diversity exists and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity is present when "there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). A court ascertains the amount in controversy from the amount sought on the face of the plaintiff's pleadings. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998). Where, as here, a plaintiff does not allege a specific amount of damages, the removing party must "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* In such a situation, a court must first assess whether it is "facially apparent" from the complaint that the amount in controversy is met. *Id.* If it is not facially apparent, a court may consider summary-judgment type evidence to determine the amount in controversy. *Id.*

Plaintiff's wage claim states that "he is owed wages for time he worked and has not been paid." Pl.'s Pet. 3. The Court can not ascertain from the face of Plaintiff's complaint that the amount in controversy has been met. Furthermore, Defendants have not presented summary-judgment type evidence indicating that the value of Plaintiff's wage claim exceeds

$75,000. Rather, Defendants assert that the aggregate value of Plaintiff's worker's compensation claim and his wage claim exceed the jurisdictional minimum. However, the Court has already determined that Plaintiff's worker's compensation claim is not properly removable pursuant to 28 U.S.C. § 1445(c). Accordingly, for the purposes of ascertaining the amount in controversy, the Court considers only Plaintiff's wage claim. Viewing Plaintiff's wage claim, Defendants have failed to set forth facts establishing by a preponderance of the evidence that Plaintiff seeks to recover an excess of $75,000. Accordingly, the Court is of the opinion the that Plaintiff's wage claim is not subject to removal based on diversity jurisdiction.

### C. Costs and Fees

When granting a motion to remand, a district court has discretion to order the removing party to pay the remanding party's "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). A court should only order costs and fees if the removing defendant lacked "objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 292. In light of the fact that Plaintiff failed to specify the statutory basis for his wage claim and that the wage claim is cognizable under the FLSA, Defendants had objectively reasonable grounds to believe that removal was proper. Accordingly, the Court is of the opinion that Plaintiff should be denied court costs, expenses, or attorney's fees.

### III. CONCLUSION

Based on the foregoing analysis of facts and legal principles, the Court concludes that Plaintiff's worker's compensation claim is not removable pursuant to 28 U.S.C. § 1445(c) and, therefore, must be remanded to state court. Additionally, the Court concludes that Defendants have not demonstrated that Plaintiff's wage claim presents a federal question or meets the requirements of diversity of citizenship. Consequently, Plaintiff's wage claim must also be remanded to state court.

Accordingly, **IT IS ORDERED** that Plaintiff Brian Gonzalez's Motion to Remand (Docket No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned cause is **REMANDED** to the 346th District Court of El Paso County, Texas.

**IT IS FURTHER ORDERED** that Plaintiff Brian Gonzalez's request for costs, expenses, and attorney's fees in connection with his opposition to Defendants' Notice of Removal is **DENIED.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall close this matter.