United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 9, 2007**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-31297
Summary Calendar

_____

DR. BEVERLY B. YOUNT, M.D., A.P.M.C.,

Plaintiff-Appellant,

VERSUS

LAFAYETTE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
m 2:06-CV-7382

_____

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beverly Yount successfully moved to remand her case against Lafayette Insurance Company ("Lafayette") to state court; she appeals the denial of attorney's fees. Finding no abuse of discretion, we affirm.

## I.

Yount's office complex was damaged by

---

*(...continued)

Hurricane Katrina, and she sued Lafayette in state court to recover insurance proceeds allegedly due under the business interruption provisions of her policy. Lafayette removed to federal district court, arguing that jurisdiction was proper pursuant to the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369. That court granted Yount's motion to remand, finding that Hurricane Katrina was not an "accident" for purposes of § 1369. Yount requested attorney's fees on the ground that Lafayette's removal had been untimely and in bad faith.

## II.

We review the denial of a request for attorney's fees for abuse of discretion. *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). We do not consider Lafayette's motive in removing; we look only to whether it had an objectively reasonable basis for the removal. *Valdes*, 199 F.3d at 292.

Yount claims there is no objectively reasonable basis on which Lafayette's motion to remove could be considered timely. Lafayette alleged in its notice of removal that it was also a defendant in another case pending in the Eastern District of Louisiana, *Abadie v. Aegis Sec. Ins. Co.*, that arose out of Hurricane Katrina and that could have been brought pursuant to § 1369. Lafayette based its motion to remove on 28 U.S.C. § 1441(e)(1)(B), which

provides for removal if

> the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Lafayette claimed that *Abadie* could have been brought pursuant to § 1369 and that it arose out of the same accident (Hurricane Katrina) as Yount's lawsuit, so removal was appropriate. In her request for attorney's fees Yount pointed to the time limit provision of § 1441(e)(1), which states that

> a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

It is not disputed that Lafayette's removal claim was within this time frame in reference to *Abadie*. Yount alleges, however, that approximately three months earlier Lafayette had been named as a defendant in another suit arising out of Hurricane Katrina that could have been brought under § 1369, *Berthelot v. Boh Bros. Constr. Co., L.L.C.* Yount's suit was pending at the time that Lafayette was a defendant in *Berthelot*, and thus she claims that the thirty-day time period during which Lafayette could remove her suit pursuant to § 1441-(e)(1) had expired at the time that Lafayette removed and that there was no objectively reasonable basis for asserting that the removal was timely.

2

Our review turns entirely on an objective consideration of the merits of Lafayette's case at the time of removal. *Valdes*, 199 F.3d at 292. The question is the interpretation of the limitations period of § 1441(e)(1) if the defendant has been named in multiple § 1369 suits. Both parties concede that no court has addressed this issue.

Lafayette correctly points out that under the language of the statute, viewed in isolation, its removal was timelySSit removed within thirty days of first becoming a defendant in *Abadie*, which could have been brought under § 1369. Yount points to the word "first," arguing that the thirty-day limitation period was tied to *Berthelot*, the first of the two § 1369 cases at issue, and that it would make no sense to permit the limitations period to start anew if a second § 1369 suit is brought against a defendant after the initial limitations period has expired. We need not, and do not, express an opinion about which of these interpretations is correct except to say that Lafayette could conclude from the language of the statute that its position was reasonable, especially in light of the lack of any judicial precedent. Thus, the district court did not abuse its discretion.

AFFIRMED.

3