# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2011

No. 10-51085
Summary Calendar

Lyle W. Cayce
Clerk

MARIA FLORES

Plaintiff-Appellee

v.

UNION PACIFIC RAILROAD COMPANY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-266

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

After Plaintiff-Appellee Maria Flores sued Defendant-Appellant Union Pacific Railroad Company in a Texas state court seeking recovery of healthcare expenses she incurred as a result of her minor child having been struck by a railroad train belonging to Union Pacific, it filed to have the case removed to the district court. Even though Flores had expressly pleaded that the amount in controversy was less than $75,000, Union Pacific nevertheless based its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51085

assertion of federal jurisdiction on the fact that Flores had retained three expert witnesses.  Union Pacific argued that "common sense" shows that Flores was likely seeking more than $75,000 in damages.

The district court rejected Union Pacific's contention and remanded the case to state court, noting that "Defendant here has offered no evidence at all, only rank speculation that Plaintiff's damages will exceed $75,000." The district court subsequently awarded Flores $8,050 against Union Pacific for attorneys fees pursuant to 28 U.S.C. §1447(c).  The court concluded that Union Pacific, as the removing defendant, lacked "objectively reasonable grounds to believe the removal was legally proper."[1]

Our de novo review of the record on appeal and of the applicable law, as applied by the district court and as cited by the parties in their appellate briefs, satisfies us that the district court correctly remanded this case to the state court in which it had been filed originally, and that the district court did not abuse its discretion in awarding Flores attorneys fees of $8,050.  Accordingly, the district court's orders remanding this case and awarding attorneys fees are, in all respects,

AFFIRMED.

---

[1] *Valdes v. Wal-Mart Stores, Inc., 199 F.3d, 290, 293 (5th Cir. 2000).*