**BANDERA TITLE COMPANY,
Plaintiff–Appellee**

v.

**Rodney P. BRIDGERS, Defendant–
Appellant**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Earle Freeman; J. Earle Freeman, III, as Trustee of the Travis James Living Trust, Defendants–Appellees.

### No. 11–20032
### Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 11, 2011.

G. Wade Caldwell, San Antonio, TX, for Plaintiff–Appellee.

David James Van Susteren, Esq., Law Office of David J. Van Susteren PLLC, Houston, TX, for Defendant–Appellant, Rodney P. Bridgers.

Bernard William Fischman, Esq., San Antonio, TX, for James Earle Freeman; J. Earle Freeman, III, as Trustee of the Travis James Living Trust, Defendants–Appellees.

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM: [*]

Rodney Bridgers appeals the district court's decision awarding $3,000 in attorney's fees to Bandera Title Company and $3,000 in attorney's fees to James Earle Freeman. The district court, in its order remanding the case to state court, awarded these fees under 28 U.S.C. § 1447(c) on the ground that Bridgers had no objectively reasonable basis to believe that the case was removable. Because the district court did not abuse its discretion, we AFFIRM.

### I.

Bandera Title Company filed an interpleader action in Texas state court, naming Bridgers and Freeman as defendants. The amount in controversy in this action—Bridgers's earnest money deposit from an aborted real estate transaction—is $25,000. At all times relevant to this appeal, Bandera and Freeman were Texas citizens, and Bridgers was a Colorado citizen.

Bridgers removed the case to federal court under 28 U.S.C. § 1146. He contended that the federal district court had jurisdiction under 28 U.S.C. § 1332, which confers jurisdiction on federal courts to hear cases if, *inter alia*, there is a complete diversity of state citizenship between the plaintiff(s) and the defendant(s) and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* Section 1332.[1] Bandera and Freeman made a joint motion[2] to remand the case and for attorney's fees. The district court granted the motion to remand the case and, pursuant to its authority under 28 U.S.C. § 1447(c)[3], awarded Bandera and Freeman $3,000 each in attorney's fees. The district court awarded these fees because it determined that Bridgers had no reasonable basis to believe that the court had jurisdiction under Section 1332. We review this decision to award fees for an abuse of discretion. *Valdes v. Wal–Mart*

---

1. Bridgers also argues that the case was removable under the federal interpleader statute. Bridgers failed to adequately raise this argument before the district court, and we therefore do not address it on appeal.

2. Freeman filed a motion that Bandera subsequently joined and supplemented.

3. Section 1447(c), in pertinent part, specifically provides that an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

*Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). "[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293.

As we have said, Bandera and Freeman were citizens of the same state at the time of removal, and the amount in controversy was a mere $25,000. In the light of these facts, the district court did not abuse its discretion in awarding attorney's fees to Bandera and Freeman on the ground that Bridgers could not have reasonably believed that removal was appropriate. We do not believe, however, that Bridgers's appeal of the district court's decision is so frivolous as to warrant the imposition of additional sanctions, and we therefore decline appellees' invitation to impose such sanctions.

## II.

For the foregoing reasons, the district court's judgment awarding attorney's fees to Bandera Title Company and James Earle Freeman is

AFFIRMED.