**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-2216
_____

KATHLEEN BEUSTERIEN,

              Plaintiff - Appellant,

         v.

ICON CLINICAL RESEARCH, INC.; OXFORD OUTCOMES, INC.; OXFORD
OUTCOMES 2007 LIMITED; PAUL QUARTERMAN; ANDREW LLOYD,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:12-
cv-02720-RWT)

_____

Submitted:  March 26, 2013            Decided:  April 5, 2013

_____

Before DAVIS, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Andrew J. Morris, MORVILLO LLP, Washington, D.C.; Andrew A.
Nicely, Washington, D.C., for Appellant.  Andrew K. Fletcher,
PEPPER HAMILTON LLP, Pittsburgh, Pennsylvania; Kathleen A.
Mullen, PEPPER HAMILTON LLP, Harrisburg, Pennsylvania, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kathleen Beusterien appeals the district court's order remanding the underlying civil action to the Circuit Court for Montgomery County, Maryland, and denying her request for a fee award to compensate her for the attorney's fees and costs she incurred in contesting Defendants' removal of her civil action to federal court. Beusterien does not challenge the remand order, limiting this appeal only to the denial of her request for a fee award. We affirm.

We review for an abuse of discretion the district court's order denying attorney's fees pursuant to 28 U.S.C. § 1447(c) (2006). See In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). "There is no automatic entitlement to an award of attorney's fees." Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees). As the Supreme Court has instructed, § 1447(c) authorizes the district court to award attorney's fees "when such an award is just[,]" Martin v. Franklin Capital Corp., 546 U.S. 132, 138 (2005), but whether to do so is committed to the court's sound discretion. Id. at 139-41.

Based on our review of the facts of this case and the relevant law, we conclude that the district court did not abuse its discretion in denying Beusterien's request for a fee award.

2

Accordingly, we affirm the district court's order.   <u>See</u>
<u>Beusterien v. Icon Clinical Research, Inc.</u>, No. 8:12-cv-02720-
RWT (D. Md. filed Oct. 1, 2012; entered Oct. 2, 2012).   We
dispense with oral argument because the facts and legal
contentions are adequately presented in the materials before
this court and argument would not aid the decisional process.

<u>AFFIRMED</u>