# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60400
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2018

Lyle W. Cayce
Clerk

REGINA THOMAS; PAM PILGRIM,

　　　　Plaintiffs−Appellants,

versus

SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY,

　　　　Defendant−Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:18-CV-146

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

　　　Plaintiffs appeal an order denying attorney's fees and costs under 28 U.S.C. § 1447(c). Because the district court did not abuse its discretion, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60400

I.

Regina Thomas and Pam Pilgrim sued in state court, challenging their terminations by Southern Farm Bureau Life Insurance Company ("the company"). Plaintiffs asserted nine claims purportedly based on state law, including one for "wrongful discharge."[1] They averred that they were "temporarily replaced by a less qualified younger employee" as "a pretext for intentional gender discrimination." They further alleged that the company was "motivated in whole or in part by gender and/or age animus" and sought to "avoid[] federal proscriptions against gender discrimination."

Plaintiffs did not base their wrongful discharge claim on a particular state or federal law. Instead, they pointed to a promise in the company's employee handbook "that defendant would not discrimination on the basis of age, race, color, disability, genetics, religion, sex or national origin." Plaintiffs claimed that their dismissal "in express contravention of [the company's] handbook provisions and the public policy of Mississippi constituted wrongful termination" and that the company violated its "express policy . . . to comply with all state and federal laws."

The company removed to federal court. It contended that the federal court had original jurisdiction[2] because plaintiffs' wrongful discharge claims were necessarily brought under Title VII of the Civil Rights Act of 1964 ("Title VII")[3] and the Age Discrimination in Employment Act ("ADEA").[4] Plaintiffs

---

[1] The complaint lists nine counts: Wrongful discharge, breach of contract, breach of the duty of good faith and fair dealing, negligence, gross negligence, defamation, invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress.

[2] *See* 28 U.S.C. §§ 1331, 1441.

[3] 42 U.S.C. § 2000e-2.

[4] 29 U.S.C. §§ 621–634.

No. 18-60400

moved to remand, requesting attorney's fees and costs related to the removal under 28 U.S.C. § 1447(c). Without addressing the request for fees and costs, the district court granted plaintiffs' motion to remand. Plaintiffs then moved to alter or amend the judgment, asking the court to reconsider their request for fees and costs. The court denied that request without comment, and plaintiffs appealed.

## II.

A fee award on remand after removal is not automatic. Courts have the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In general, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If the removing party "could conclude from th[e] case law that its position was not an unreasonable one" at the time of removal, then it had an objectively reasonable basis for removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). District courts in this circuit have ruled that it is not objectively unreasonable for a defendant to remove where the complaint is unclear on whether plaintiff's claims sound in state or federal law.[5] A district court may award costs, provided that the plaintiff did not "play[] a substantial role in causing the case to remain in federal court" after removal. *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997) (per curiam). We review for abuse of discretion

---

[5] *See, e.g., Smith v. Sutherland Building Material Ctrs. L.P.*, No. 1:16-CV-00811, 2017 WL 814134, at *1–2 (W.D. La. Jan. 27, 2017) (denying fees where the complaint was unclear on whether plaintiffs sought relief under state or federal due process guarantees); *Love Terminal Partners, LP v. City of Dall.*, No. 3:06-CV-2089-, 2007 WL 210288, at *4 (N.D. Tex. Jan. 25, 2007) (where plaintiff "included in its complaint a sufficient number of references to violations of federal law and of the Reform Act that defendants did not act with objective unreasonableness in removing the case").

No. 18-60400

the denial of attorney's fees and costs. *Valdes*, 199 F.3d at 292.

## III.

The company had an objectively reasonable basis for seeking removal, so the district court did not abuse its discretion by denying fees and costs.[6] The complaint was unclear on whether the wrongful discharge claim was based solely on state law. At multiple points, the complaint mentioned federal law and used language common to federal antidiscrimination suits. It alleged that plaintiffs were discharged as a result of "gender and/or age animus"[7]; that the company's proffered reasons for discharging plaintiffs were "pretextual"[8]; and that the company deliberately acted to "avoid[] federal proscriptions against gender discrimination" despite its "express policy . . . to comply with . . . federal laws." Though the complaint never cited particular provisions of federal law, its repeated references to federal law "establish[ed] a colorable issue of federal law." *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).[9]

Moreover, only federal law offers relief for plaintiffs' "wrongful discharge" claim. Mississippi law does not recognize claims of age or gender (sex) discrimination. There is no state antidiscrimination statute,[10] and Mississippi

---

[6] Though the court did not make a specific finding as to the objective reasonableness of defendant's seeking removal, we can decide whether an objectively reasonable basis existed without such a finding. *See Valdes*, 199 F.3d at 291 (finding an objectively reasonable basis for removal where the district court, without explanation, denied plaintiff's request for attorney's fees).

[7] *See, e.g.*, *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 348 (2013) (describing the role of "animus" in federal employment discrimination cases).

[8] *See, e.g.*, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973) (requiring plaintiffs to show that a defendant's proffered reasons for adverse employment action were "pretext").

[9] *See also Johnson v. City of Shelby*, 135 S. Ct. 346 (2014) (per curiam) (holding that a plaintiff's complaint need allege only enough facts to establish a colorable issue of federal law and need not cite a particular provision).

[10] *See Pegues v. Miss. State Veterans Home*, No. 3:15–CV–00121–MPM–JMV, 2017

4

"follow[s] the common-law rule of at-will employment." *Swindol v. Aurora Flight Sci. Corp.*, 194 So. 3d. 847, 849 (Miss. 2016). Thus, "wrongful-discharge suits in Mississippi generally must be based upon written employment contracts." *Cmty. Care Ctr. of Aberdeen v. Barrentine*, 160 So. 3d 216, 217 (Miss. 2016).[11]

Plaintiffs insist that their wrongful discharge claim is based solely on the company's violation of covenants in its employee handbook. But that theory makes plaintiffs' second count—alleging that the company's "gender and/or age animus-based termination of the Plaintiffs constituted a breach of contract"—redundant. In any event, the complaint's references to federal law and the lack of relief for wrongful discharge afforded by Mississippi statutory and common law indicate that the company had an objectively reasonable basis for seeking removal.

The district court did not abuse its discretion by denying fees and costs. The order denying them is AFFIRMED.

---

WL 3298684, at *5 (N.D. Miss. Aug. 2, 2017) ("[F]ederal law has developed its own detailed body of law for courts to use in addressing allegations of employment discrimination and, unlike most states, Mississippi has no comparable body of state anti-discrimination law.").

[11] *See also McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 606 (Miss. 1993) ("[A]bsent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all."). *McArn* creates a "narrow public policy exception" permitting actions in tort when an employee "refuses to participate in an illegal act" and sues his employer for damages or when an employee "is discharged for reporting illegal acts of his employer to the employer or anyone else." *Id.* at 607. But plaintiffs' wrongful discharge claim does not fall within that exception.