Gail E. FULLER–AVENT, Appellant

v.

**UNITED STATES PROBATION
OFFICE, et al., Appellees.**

No. 04–5193.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 30, 2006.

Gail E. Fuller–Avent, Washington, DC, pro se.

Oliver W. McDaniel, R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, U.S. Attorney's Office (USA) Civil Appellate, Washington, DC, for Appellees.

Before: GARLAND and BROWN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This case was considered upon the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing, it is

ORDERED and ADJUDGED that the judgment of the District Court be affirmed for the reasons set forth in the attached memorandum.

Pursuant to DC Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Appellant Gail A. Fuller–Avent asserted Privacy Act, common law tort, and constitutional claims against the United States Probation Office for the District of Columbia and several individual defendants, relating to a probation officer's alleged disclosure of her criminal history to her employer and Pennsylvania bar authorities during her term of supervised release. She appeals the district court's grant of summary judgment to appellees.

■ As the district court correctly held at its June 16, 2003 hearing, Fuller–Avent has failed to state a claim under the Privacy Act, because that statute does not apply to "the courts of the United States." 5 U.S.C. §§ 552a(a)(1), 552(f)(1), 551(1)(B). Federal probation offices are administrative units of the United States courts, and thus are not subject to the Privacy Act. See 18 U.S.C. § 3602; *Pickus v. U.S. Board of Parole*, 507 F.2d 1107, 1112 (D.C.Cir.1974) (noting that U.S. probation service is an "auxiliary of the courts" for purposes of 5 U.S.C. § 551(1)(B)). To the extent that Fuller–Avent has asserted Privacy Act claims against individual defendants, those claims fail because the Act only authorizes suit against an "agency." 5 U.S.C. § 552a(g)(1).

■ Under the Federal Tort Claims Act ("FTCA"), the Attorney General's certification that the individual defendants were acting within the scope of employment establishes the United States as the only proper defendant for Fuller–Avent's common law tort claims. 28 U.S.C. § 2679. Moreover, the FTCA's discretionary function exception bars claims against the United States "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of ... an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Courts engage in a two-part inquiry to determine whether the discretionary function exception applies. *United States v. Gaubert*, 499 U.S. 315, 322–23, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Macharia v. United States*, 334 F.3d 61, 65 (D.C.Cir. 2003).

■ First, the court must determine whether the challenged conduct involves "an element of judgment or choice," or whether a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," leaving the employee "no rightful option but to adhere to the directive." *Gaubert*, 499 U.S. at 322, 111 S.Ct. 1267 (internal citations and quotation marks omitted); see also *Jerome Stevens Pharmaceuticals, Inc. v. FDA*, 402 F.3d 1249, 1252 (D.C.Cir. 2005). Here, no statute or regulation prescribes specific conditions for releasing information to third parties. See 18 U.S.C. § 3603; 28 C.F.R. §§ 2.37, 2.205 (2006). Nor does the United States Probation Manual, under which a probation officer "has a duty to warn specific third parties of a particular prospect of harm ... which the officer 'reasonably foresees' the offender may pose to them." GUIDE TO JUDICIARY POLICIES AND PROCEDURES, vol. X (U.S. Probation Manual), ch. IV, at 36, part D.3 (1992) (emphasis omitted) [hereinafter *Manual*]. Harm is assessed based on a number of factors, including "the offender's employment, offense, prior criminal background, and conduct" and any particular "opportunity or temptation" for recidivism. *Id.* at 36–37, part D.3.D(1). While part D.3.D(3)(e) of the Manual states that if an offender "strongly opposes" the disclosure of information to her employer, the matter should be presented to the court, *id.* at 38, in context this provision is not a "specific[ ] prescri[ption]" against disclosure under the facts here: Fuller–Avent's supervised release was explicitly conditioned on her "permit[ting] the probation officer to make ... notifications" to third parties of risks she might present, and Fuller–Avent certified in monthly reports to the Probation Office that her employer was aware of her criminal status and consented to the release of information to Pennsylvania bar authorities. Appellant's

Appx. B, Judgment at 3; *Fuller–Avent v. U.S. Probation Office*, No. 02–2380, Mem. Op. at 4–5, 11–12 (D.D.C. Mar. 18, 2004) [hereinafter "Mem. Op."].

Second, even where conduct "involves an element of judgment," the exception protects only "governmental actions and decisions based on considerations of public policy." *Berkovitz v. United States*, 486 U.S. 531, 537, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); see also *Loughlin v. United States*, 393 F.3d 155, 163–64 (D.C.Cir.2004). The Probation Manual reflects the competing policy considerations at stake: officers "have an equal obligation to control risk to the public and provide correctional treatment to the offender." *Manual* at 36, part D.3. Thus, the discretionary function exception applies, and appellant's tort claims fail for lack of subject matter jurisdiction.

Appellant also asserted that disclosing her criminal history deprived her, without due process, of a constitutional liberty interest in following her chosen profession. However, as the district court correctly concluded, see Mem. Op. at 10–12, appellant failed to show appellees' actions "not only ... harmed [her] reputation, but also that the resulting stigma altered [her] status in a tangible way." *Trifax Corp. v. District of Columbia*, 314 F.3d 641, 644 (D.C.Cir.2003) (internal citations and quotation marks omitted). Termination from employment did not constitute a "formal exclusion from a chosen trade or profession," see *id.*, and as to the denial of readmission to practice law, Fuller–Avent explicitly consented to the release of her criminal record to Pennsylvania bar authorities.

■ Finally, appellant appears to claim that the disclosure of her criminal history violated a right to privacy under the Fourth Amendment, and that the district court erred in finding individual defen-

dants immune from suit. Government officials enjoy qualified immunity where their conduct has not violated a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A court undertaking the qualified immunity inquiry first determines "whether the plaintiff has alleged the deprivation of an actual constitutional right." *Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (internal citation and quotation marks omitted). Here, however, Fuller–Avent has failed to develop-beyond conclusory allegations and a citation to non-germane, out-of-circuit precedent-the proposition that the disclosures at issue violated any constitutional right. See *Crawford–El v. Britton,* 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (noting "plaintiff's initial burden of proving a constitutional violation"); *Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983) (declining to address "asserted but unanalyzed constitutional claim"). Thus the individual defendants are immune from suit. To the extent that appellant has asserted constitutional claims against the U.S. Probation Office directly, these are foreclosed by *FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (rejecting extension of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), to suits against federal agencies).

We have considered appellant's other claims and find them to be without merit.