# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31085

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2014

Lyle W. Cayce
Clerk

OMEGA HOSPITAL, L.L.C.,

      Plaintiff - Appellee

v.

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, also known as Blue Cross Blue Shield of Louisiana; HMO LOUISIANA, INCORPORATED,

      Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-21

Before REAVLEY, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Louisiana Health Service and Indemnity Company, also known as Blue Cross Blue Shield of Louisiana ("Blue Cross"), appeals the district court's order that it pay attorney's fees to Plaintiff-Appellee Omega Hospital, L.L.C. following the court's remand of this suit to state court. Because we conclude that Blue Cross had an objectively reasonable basis for

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31085

removing the case to federal court, we REVERSE the district court's judgment awarding the fees.

I.

Omega Hospital is a surgical hospital that provides care to patients in the New Orleans area. Although it is not a provider within the Blue Cross network, Omega alleges that it has provided care to numerous Blue Cross insureds after receiving assurances from Blue Cross about payment for its out-of-network services. Omega claims that it relied to its detriment upon Blue Cross's misrepresentations about payment on Blue Cross's web portal. For example, in 2009 Blue Cross allegedly paid on average only 6.36% of Omega's charges despite promising to pay between 40% and 80% of out-of-network charges. Omega alleges that Blue Cross's actions were intentional, collusive, and designed to put out-of-network providers out of business. It sued Blue Cross in state court for (1) violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:401, *et seq.*; (2) fraud; (3) negligent misrepresentation; (4) detrimental reliance; and (5) unjust enrichment.

Blue Cross removed the case to federal court, asserting federal jurisdiction on the grounds of preemption under both the Employee Retirement Income Security Act ("ERISA") and the Federal Employees Health Benefits Act ("FEHBA"), and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The district court held that Blue Cross had unsuccessfully attempted to remove prior cases with similar issues, and it remanded the case to state court. Concluding that Blue Cross had lacked an objectively reasonable basis for removal, the district court ordered Blue Cross to pay Omega its attorney's fees. Blue Cross now appeals only the order awarding the attorney's fees.

2

No. 13-31085

## II.

We review the district court's order awarding attorney's fees for an abuse of discretion. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). When the district court remands a case to state court, it has discretion to award the non-removing party its attorney's fees incurred as a result of the removal, *see* 28 U.S.C. § 1447(c), but "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005). We therefore "evaluate the objective merits of removal at the time of removal" and ask "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293.

Blue Cross argues that it had objectively reasonable grounds to remove the case based on ERISA and FEHBA preemption and on the federal officer removal statute. Because we agree that there was at least a reasonable basis to believe the federal officer removal statute provided grounds for removal, we do not consider the preemption question.

Here, some of the Blue Cross insureds for whom Omega provided care were federal employees covered by health plans governed by FEHBA. When Congress enacted FEHBA it charged the Office of Personnel Management ("OPM") with negotiating contracts with qualified insurance carriers to provide health benefit plans for federal employees. *See Houston Community Hosp. v. Blue Cross & Blue Shield of Tex.*, 481 F.3d 265, 267 (5th Cir. 2007). The largest plan that OPM has contracted is the Service Benefit Plan, which is administered locally by various Blue Cross entities nationwide. *See id.*; *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 682, 126 S. Ct. 2121, 2126-27 (2006). This contractual relationship between OPM and Blue

3

No. 13-31085

Cross forms the crux of Blue Cross's argument that removal was properly based on the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[1]

An action may be removed to federal court if it is against, *inter alia*, "[t]he United States or any agency thereof or any officer (*or any person acting under that officer*) of the United States or of any agency thereof." § 1442(a)(1) (emphasis added). In order to invoke the federal officer removal statute, a defendant must show that (1) it is a "person" within the meaning of the statute; (2) it "acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims;" and (3) it has averred a "colorable federal defense." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398, 400 (5th Cir. 1998). These statutory requirements "must be 'liberally construed.'" *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147, 127 S. Ct. 2301, 2304-05 (2007); *see also Bell v. Thornburg*, 743 F.3d 84, 89 (5th Cir. 2014).

Blue Cross argues that because it administers the Service Benefit Plan at the direction of OPM, it acts under an officer of the United States and it had grounds to assert federal court jurisdiction. The parties dispute the amount of control necessary by the federal government in order for a person to be acting under federal authority, and they dispute whether Blue Cross had a colorable federal defense.[2] Although we have not previously addressed the applicability

---

[1] The district court held that Blue Cross's argument for removal based on the federal officer removal statute was both waived and meritless. Omega does not argue on appeal that the issue is waived. We note that Blue Cross raised the issue in a footnote in its opposition to Omega's motion to remand in the district court, and although it did not extensively brief the issue, Blue Cross did provide argument with supporting authority. It also raised the federal officer removal statute again in its motion for reconsideration. The issue was therefore adequately raised in the district court for our review. *Cf. United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995) ("A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." (internal quotation omitted)).

[2] It is undisputed that a corporate entity may be a "person" for purposes of § 1442(a)(1). *See Winters*, 149 F.3d at 398.

4

of § 1442(a)(1) to an administrator of a health plan under FEHBA, there is authority from our sister circuits that had been decided at the time of the removal in this case holding that a FEHBA administrator acts under federal authority and has colorable federal defenses. *See, e.g., Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1233 (8th Cir. 2012) (holding that a Blue Cross entity "acted under" a federal officer, namely OPM, by assisting or helping the Government to fulfill the basic task of establishing a health benefit program); *see also Anesthesiology Assocs. of Tallahassee v. Blue Cross Blue Shield of Fla., Inc.*, 2005 WL 6717869, at *2 (11th Cir. Mar. 18, 2005) (unpublished) (holding that "[a] health plan insurer contracting with a government agency under a federal benefits program is considered a 'person acting under' a federal officer"). Some courts have rejected the federal officer removal statute as a basis for removal under similar circumstances. *See, e.g., Transitional Hosps. Corp. of La. v. La. Health Serv.*, No. CIV.A.02-354, 2002 WL 1303121, at *3 (E.D. La. Jun. 11, 2002) (holding that plaintiff's claims for misrepresentation did not arise from procedures dictated by OPM and therefore "Blue Cross could not have been acting pursuant to federal authority when it allegedly mishandled the coverage inquiry"). We need not, and do not, resolve the issue, however, because we are concerned only with whether Blue Cross had an objectively reasonable belief that removal was proper. In light of case law arguably supporting Blue Cross, and the absence of a ruling from this court, we cannot say that Blue Cross lacked a reasonable belief in the propriety of removal. *See, e.g., Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (holding that defendant acted reasonably in removing suit when at the time of removal no circuit court had rejected the defendant's argument supporting removal and there was a split in authority among district courts).

Omega argues based on *Winters*, however, that a federal contractor cannot "act under" federal authority unless the federal government exercises

direct and detailed control and supervision over the contractor, which it argues is lacking here.  In *Winters*, which involved negligence and products liability claims, there was detailed and direct control by the Government over the specific chemical formulation, packaging, and delivery of the product at issue. *See Winters*, 149 F.3d at 399-400.  We held that the significant federal control and oversight were "quite sufficient" to demonstrate that the defendant was acting under federal direction, but we did not decide or consider the precise parameters of the control that was necessary.  *See id.* at 400.  Our holding therefore did not lessen the objective reasonableness of Blue Cross's belief that removal was appropriate here.

Moreover, with respect to Omega's argument that Blue Cross could not assert a colorable federal defense, such as sovereign immunity, we note that courts have rejected similar arguments.  *See, e.g., Ctr. for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, Civ. Action No. 11-806, 2014 WL 4930443, at *4-5 (E.D. La. Sep. 30, 2014); *Innova Hosp. San Antonio, L.P. v. Blue Cross Blue Shield of Ga., Inc.*, Civ. Action No. 3:12-cv-1607-O, 2014 WL 360291, at *4-6 (N.D. Tex. Feb. 3, 2014); *see also Willingham v. Morgan*, 395 U.S. 402, 406-07, 89 S. Ct. 1813, 1816 (1969) (noting that because the federal officer removal statute is "broad enough" that the federal defense need only be colorable, a defendant "need not win his case before he can have it removed").

We conclude that, in light of authority from sister circuits arguably supporting Blue Cross's removal based on the federal officer removal statute, Blue Cross had an objectively reasonable basis to believe that at least some of Omega's claims were removable.  Therefore, the district court's award of attorney's fees was incorrect and must be reversed.  In light of the foregoing, Omega's motion in this court for an award of its appellate attorney's fees is denied.

REVERSED; MOTION DENIED.