# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2015

Lyle W. Cayce
Clerk

No. 14-10900

ROSSCO HOLDINGS, INCORPORATED, a California corporation;
LEONARD M. ROSS, an Individual, and as Trustee of the Leonard M. Ross
Revocable Trust (u/t/d 12-20-85),

       Plaintiffs – Appellants,

v.

MICHAEL MCCONNELL, Esq.; KELLY HART & HALLMAN, L.L.P.;
BEARD KULTGEN BROPHY BOSTWICK & DICKSON, L.L.P.,

       Defendants – Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-374

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

    Plaintiffs–Appellants (collectively "Plaintiffs") appeal the district court's dismissal of their negligent misrepresentation and malpractice claims against Defendants–Appellees (collectively "Defendants"). The district court dismissed Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1), holding that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10900

because Plaintiffs' confirmed Chapter 11 bankruptcy plans did not specifically and unequivocally reserve the claims that Plaintiffs sought to pursue, Plaintiffs lacked standing to bring them. On appeal, Plaintiffs argue that the district court lacked jurisdiction to interpret their confirmed plans in the manner that it did and that the district court should have looked to Ninth Circuit precedent rather than Fifth Circuit precedent to interpret the plans. Plaintiffs also move for a remand so that the district court may reconsider its dismissal in light of a recent order by the bankruptcy court that confirmed their plans. We affirm the judgment of dismissal and deny the motion for remand.

**I.**

According to the complaint, Plaintiffs were guarantors of promissory notes secured by two hotel properties in Texas. After the lender posted notices of foreclosure sale for the properties, the owners of the properties filed bankruptcy proceedings in the U.S. Bankruptcy Court for the Western District of Texas ("Texas bankruptcy court"). Defendants represented Plaintiffs and the property owners in these bankruptcy proceedings,[1] and Plaintiffs asked Defendants to revive their right to challenge any deficiencies that might remain after foreclosure—a right that they had waived in the loan documents. An agreed-upon settlement order was entered, and Plaintiffs understood from Defendants' representations that the order had restored their right to challenge deficiencies. Meanwhile, Plaintiff Ross filed a Chapter 11 petition

---

[1] On appeal, Defendants contend that they represented only Rossco and never represented Ross or his trust. However, because this appeal concerns a dismissal for lack of jurisdiction, well-pleaded allegations in the complaint are taken as true. *Holy Cross Coll., Inc. v. La. High Sch. Athletic Ass'n*, 632 F.2d 1287, 1289 (5th Cir. 1980). The complaint alleges that Defendants represented Ross, his trust, and Rossco in the Texas bankruptcy court.

2

No. 14-10900

on behalf of himself and his revocable trust in the U.S. Bankruptcy Court for the Central District of California ("California bankruptcy court"), and Plaintiff Rossco's Chapter 11 proceeding, which had been filed in the Texas bankruptcy court, was transferred to the California bankruptcy court to be administered with the Ross and Ross Trust proceeding.

The lender purchased the hotel properties and filed proofs of claims in Plaintiffs' bankruptcies to collect on deficiencies. Plaintiffs challenged the deficiencies. On cross-motions for summary judgment, the California bankruptcy court ruled that the agreed-upon settlement order entered by the Texas bankruptcy court did not revive Plaintiffs' right to challenge the deficiencies. As a result of the ruling, the lender had an allowed claim in the Ross and Ross Trust bankruptcy case of at least $6,424,820.00 and an allowed claim in the Rossco bankruptcy case of at least $3,589,000.00. These amounts were reduced by settlement to $4,775,000.00 and $3,000,000.00, respectively.

Plaintiffs then sued Defendants in the U.S. District Court for the Northern District of Texas for negligent misrepresentation and malpractice. Plaintiffs alleged that Defendants had falsely represented to Plaintiffs that the agreed-upon settlement order would revive their right to challenge the amount and validity of any post-foreclosure deficiency, and that they suffered harm when the California bankruptcy court allowed the deficiencies. Defendants moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the confirmation orders and plans in Plaintiffs' bankruptcies did not reserve the claims that Plaintiffs sought to pursue against them.

The district court thus turned to the confirmed plans in Plaintiffs' bankruptcies to determine whether Plaintiffs had standing to bring their suit. Under the heading "Effect of Confirmation of Plan," the Ross and Ross Trust confirmed plan contains a general provision stating that "[u]nless otherwise

provided by the Plan, the confirmation of the Plan vests all property of the Debtor's estate in the Debtor." Under the sub-heading "Post-Confirmation Causes of Action," the plan lists particular claims that the Trustee planned to or could pursue after confirmation, as well as particular claims that the bankruptcy estate would abandon to Ross and the Ross Trust. No mention was made of the claims that Plaintiffs are pursuing in this case. In similar fashion, the Rossco confirmed plan provided that all property of the bankruptcy estate would vest in Rossco. It also stated that Rossco did not anticipate pursuing any post-confirmation litigation other than then-existing litigation, making no mention of the claims that Plaintiffs are pursuing in this case. The order confirming the Ross and Ross Trust plan provided that "[u]nless otherwise provided in the Plan, . . . title to all . . . claims[ and] causes of action . . . of the Debtor and of the estate shall revest in the Reorganized Debtor," but it also did not specifically mention the claims that Plaintiffs are pursuing in this case. The order confirming the Rossco plan also contained a general revesting provision, but it dealt only with "property" of the estate and made no mention of the claims that Plaintiffs are now pursuing.

In analyzing the confirmed plans, the district court looked to our precedent, which holds that under 11 U.S.C. § 1123(b)(3)(B),[2] "[f]or a reservation to be effective, it 'must be specific and unequivocal'—blanket reservations of 'any and all claims' are insufficient." *In re SI Restructuring Inc.*, 714 F.3d 860, 864 (5th Cir. 2013) (quoting *In re United Operating, LLC*, 540 F.3d 351, 355–56 (5th Cir. 2008)). The district court concluded that the confirmed plans did not specifically and unequivocally provide for reservation

---

[2] "[A] plan may provide for the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any [claim or interest belonging to the debtor or to the estate]." 11 U.S.C. § 1123(b)(3)(B).

No. 14-10900

of any claims against Defendants, and it held that Plaintiffs lacked standing to bring their suit. The district court, therefore, granted Defendants' Rule 12(b)(1) motion and entered a dismissal without prejudice.

Plaintiffs timely appealed. Plaintiff Ross also moved the California bankruptcy court to clarify the confirmation order (or in the alternative, modify the plan itself) in the Ross and Ross Trust bankruptcy to specifically reserve the claims now being pursued against Defendants.[3] The California bankruptcy court denied the motion on the ground that clarification was unnecessary, asserting that under Ninth Circuit Bankruptcy Appellate Panel precedent,[4] the plan and confirmation order vested all of the bankruptcy estate's claims in the reorganized debtor, including the claims now being pursued against Defendants. Plaintiffs then moved this court for a limited remand of the case to the district court so that it could reconsider its dismissal in light of the California bankruptcy court's recent order.

## II.

On appeal, Plaintiffs first attack the district court's jurisdiction. "We review questions of subject matter jurisdiction *de novo*." *Wagner v. United States*, 545 F.3d 298, 300 (5th Cir. 2008) (internal quotation marks omitted). Plaintiffs argue that by interpreting the plans and confirmation orders of the California bankruptcy court according to Fifth Circuit precedent rather than Ninth Circuit precedent, the district court effectively modified the confirmation orders—something that it lacked jurisdiction to do. This jurisdictional contention is meritless. Plaintiffs correctly point out that confirmation orders are final judgments, *United Student Aid Funds, Inc. v.*

---

[3] Plaintiff Rossco did not, however, move for clarification of the confirmation order in its bankruptcy.

[4] *In re Associated Vintage Grp., Inc.*, 283 B.R. 549 (B.A.P. 9th Cir. 2002).

5

*Espinosa*, 559 U.S. 260, 269 (2010), and only the court that issues them has power to modify them, *see* 11 U.S.C. § 1127(b) (allowing post-confirmation modification of plans upon confirmation by "the court," meaning the bankruptcy court). But the district court did not modify the confirmation orders; it merely interpreted them to determine—as Defendants' motion to dismiss required it to do—whether Plaintiffs were precluded from bringing their claims.

In arguing otherwise, Plaintiffs effectively contend that any interpretation of their confirmed plans other than their preferred interpretation (or, perhaps more precisely, the bankruptcy court's preferred interpretation) constitutes a modification. For at least two reasons, this cannot be the law. For one thing, modification is a term of art in the Bankruptcy Code, and it occurs when the proponent of the plan or the reorganized debtor modifies the plan and the bankruptcy court confirms the plan as modified. 11 U.S.C. § 1127(b). Here, no party asked the district court to confirm a modified plan; Defendants simply raised Plaintiffs' confirmed plans as defenses to suit, and the parties argued over whether the plans deprived Plaintiffs of standing to pursue their claims. Second, courts—including this court—regularly interpret bankruptcy plans and the orders confirming them to determine whether plaintiffs have standing to bring post-confirmation claims, and in doing so, they exercise their own independent judgment. *See, e.g.*, *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012); *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 387–88 (5th Cir. 2009); *In re United Operating*, 540 F.3d at 355–56. If merely exercising independent judgment to interpret a plan constitutes modification, then we could never engage in this type of interpretive exercise.

No. 14-10900

In short, Plaintiffs raise no serious argument that the district court lacked jurisdiction to interpret their confirmed plans.

### III.

Having determined that the district court had jurisdiction to interpret Plaintiffs' confirmed plans, we must now decide whether the district court's interpretation was correct. In other words, we must determine whether Plaintiffs, by virtue of a reservation of claims in their confirmed plans, have standing to pursue their negligent misrepresentation and malpractice claims against Defendants. "This court reviews questions of standing de novo." *In re MPF Holdings*, 701 F.3d at 453.

"The filing of a [C]hapter 11 petition creates an estate comprised of all the debtor's property, including 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Torch Liquidating Trust*, 561 F.3d at 386 (quoting 11 U.S.C. § 541(a)(1)). "The estate includes causes of action belonging to the debtor." *Id.* Before confirmation of a Chapter 11 plan, the debtor-in-possession generally has the power to pursue these causes of action on behalf of the estate as if it were a trustee. *In re SI Restructuring*, 714 F.3d at 864. But upon confirmation of the plan, "the estate ceases to exist, and the debtor loses its status as debtor-in-possession along with its authority to pursue claims as though it were a trustee." *Id.* (internal quotation marks omitted). In other words, by losing authority to pursue a claim, the debtor loses standing with respect to that claim. *Id.* Confirmed plans may alter this default rule, however, and may allow the debtor to pursue the debtor's or estate's claims after confirmation. Under 11 U.S.C. § 1123(b)(3)(B), "a plan may provide for the retention and enforcement by the debtor . . . of any [claim or interest belonging to the debtor or to the estate]."

7

No. 14-10900

In *In re United Operating*, we held that to be effective under § 1123(b)(3)(B), a plan's reservation of a claim "must be specific and unequivocal." 540 F.3d at 355 (internal quotation marks omitted). A plan's "blanket reservation of 'any and all claims' arising under the [Bankruptcy] Code" is insufficiently specific. *Id.* at 356. So too is a reservation of certain "types of claims under various [Bankruptcy] Code provisions" when the debtor seeks to bring other claims, such as common-law claims. *Id.* Similarly, we have held that a reservation of "any claims . . . arising under Chapter 5 of the Bankruptcy Code or any similar provisions of state law" is not sufficiently specific to reserve state-law claims for fraud or breach of fiduciary duty; the reference to "state law" is too general. *In re SI Restructuring*, 714 F.3d at 865. However, a reservation of claims is effective if it identifies the nature of the claims reserved and the class of potential defendants against whom those claims might be pursued—a precise identification of each individual potential defendant is unnecessary. *See In re Tex. Wyo. Drilling, Inc.*, 647 F.3d 547, 549, 551–52 (5th Cir. 2011) (holding sufficient a reservation of claims against "'[v]arious pre-petition shareholders of the Debtor' who might be sued for 'fraudulent transfer and recovery of dividends paid to shareholders'").

The law may well be different in the Ninth Circuit. As Plaintiffs observe, the Ninth Circuit Bankruptcy Appellate Panel has held that § 1123(b)(3)(B) does not impose "an unduly burdensome specificity requirement." *In re Associated Vintage Grp.*, 283 B.R. at 564. However, the court did not hold that a plan may reserve claims with no specificity. It merely held that a plan need not "list each and every possible defendant and each and every possible theory," *id.*, and it held sufficient a reservation of "all claims . . . of the debtor for the purposes of objecting to the allowance of claims and avoiding transfers

8

of property or interests in property," *id.* at 553 (internal quotation marks omitted).

Even assuming *arguendo* that the reservations of claims in Plaintiffs' confirmed plans would be effective under Ninth Circuit law to reserve the claims that they are now pursuing, Plaintiffs briefed only Fifth Circuit law before the district court; they never argued that the district court should apply Ninth Circuit law. "Failure to raise an argument before the district court waives that argument, including an argument for choice-of-law analysis." *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011). This court will not consider a waived argument "absent extraordinary circumstances." *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 916 (5th Cir. 1996). In their briefs on appeal, Plaintiffs do not even attempt to demonstrate extraordinary circumstances, and they have thus abandoned the issue by failing to brief it. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Even if we were to search on our own for extraordinary circumstances, we would not find them here. "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *N. Alamo Water Supply*, 90 F.3d at 916. Whether a plan and the bankruptcy court's order confirming it must be interpreted according to the law of the bankruptcy court's circuit is a pure question of law. However, the merit of Plaintiffs' omitted choice-of-law argument is not "plain or obvious," and therefore a failure to consider it would not result in a manifest injustice. *See Conley v. Bd. of Trs. of Grenada Cnty. Hosp.*, 707 F.2d 175, 181–82 (5th Cir. 1983) ("[T]he merit of the [appellant's] omitted argument is not so plain or obvious that our failure to consider it would result in manifest injustice."); *see also AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir. 2009) (noting that in determining whether a miscarriage of

justice would result from failing to consider a waived argument, "we have often considered whether the alleged error is obvious or merely debatable"). Because Plaintiffs waived their choice-of-law argument and do not demonstrate extraordinary circumstances, we do not consider the issue.

Plaintiffs also do not argue that their confirmed plans meet our "specific and unequivocal" standard for an effective reservation of claims under § 1123(b)(3)(B). They have thus abandoned this issue. *Cinel*, 15 F.3d at 1345. But even if Plaintiffs had not abandoned the issue, their confirmed plans plainly do not meet our "specific and unequivocal" standard because they make no mention of the claims that Plaintiffs seek to pursue in this suit. The Ross and Ross Trust plan's § 1123(b)(3) provision reserves specific claims for the trustee to assert after confirmation, and it also lists claims—including a malpractice claim against Ross's California bankruptcy counsel—that the estate would "abandon[]" to Ross. But it did not mention any claims against Defendants, and neither did the confirmation order, although the order broadly revested "title to all . . . claims [and] causes of action . . . of the Debtor and of the estate" in the reorganized debtor.

The Rossco plan's § 1123(b)(3) provision reserved only three claims, all of which Rossco was pursuing in ongoing litigation and none of which concerned the claims that it now seeks to pursue against Defendants. The order confirming the Rossco plan similarly made no mention of the claims that Plaintiffs are now pursuing. In short, neither of Plaintiffs' confirmed plans, in their reservations of claims, identified with any specificity the malpractice and negligent misrepresentation claims that Plaintiffs are pursuing against Defendants. Therefore, Plaintiffs lack standing to pursue their claims against Defendants because their confirmed plans did not specifically and

No. 14-10900

unequivocally reserve those claims as required by § 1123(b)(3)(B).[5]  *In re SI Restructuring*, 714 F.3d at 864.

## IV.

Plaintiffs have moved for a limited remand so the district court may reconsider its dismissal in light of the California bankruptcy court's recent order denying as "unnecessary" Plaintiff Ross's motion to clarify or modify the confirmation order.  However, the California bankruptcy court's order did not modify the Ross and Ross Trust confirmed plan.  Rather, it simply opined that under Ninth Circuit Bankruptcy Appellate Panel precedent, the plan was sufficient to reserve the claims that Plaintiff Ross seeks to pursue against Defendants.  The order even acknowledged that "it would be inappropriate" to comment on "the District Court's findings and conclusions made in the Dismissal Order, or what the Fifth Circuit may do with the Appeal."  Because neither of Plaintiffs' confirmed plans has been modified and Plaintiffs have not shown how the California bankruptcy court's recent order changes the application of Fifth Circuit law, we will deny the remand motion.

## V.

For the foregoing reasons, we DENY the pending motion for limited remand and AFFIRM the district court's dismissal of Plaintiffs' claims.

---

[5] In their reply brief, Plaintiffs argue for the first time that their plans' general catch-all provisions vesting "property" of the estate in the debtor—which track the language of 11 U.S.C. § 1141(b)—sufficed to reserve the claims that they seek to pursue against Defendants. "Arguments raised for the first time in a reply brief . . . are waived." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).  Therefore, we do not consider this issue.