# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50187

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2019

Lyle W. Cayce
Clerk

TIERRE J. PROBASCO,

      Plaintiff - Appellee

v.

WAL-MART STORES TEXAS, L.L.C.; MICHAEL GONZALEZ,

      Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-203

Before JOLLY, DENNIS, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

      Tierre Probasco is a former employee of Wal-Mart Stores Texas, LLC. Probasco alleges that he was terminated from his position at Wal-Mart after complaining about derogatory racial comments made by the store manager, Michael Gonzalez. In May 2017, Probasco filed suit against Wal-Mart and Gonzalez in Texas state court. Probasco asserted state law employment discrimination claims against Wal-Mart and state law claims of defamation,

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50187

tortious interference, civil conspiracy, and assault against Gonzalez. Probasco and Gonzalez are both citizens of Texas; Wal-Mart is a citizen of Delaware and Arkansas.

Wal-Mart and Gonzalez removed this matter to federal court on the basis of diversity of citizenship. The notice of removal asserted that complete diversity exists because Gonzalez was improperly joined to defeat diversity jurisdiction. Specifically, Wal-Mart and Gonzalez argued that Probasco's tortious interference and conspiracy claims are preempted by state antidiscrimination law, and that Probasco failed to plead sufficient facts to state a claim against Gonzalez for defamation or assault.

Gonzalez then moved to dismiss Probasco's claims against him on the basis of improper joinder. Without addressing Gonzalez's improper joinder arguments, the district court held that it lacked diversity jurisdiction and remanded the case to state court. The district court also held that Probasco is entitled to attorneys' fees under 28 U.S.C. § 1447(c). The court later denied Gonzalez's motion for reconsideration, explaining that there was no improper joinder because Probasco stated a plausible defamation claim. The district court ordered defense counsel to pay $1,000 in reasonable attorneys' fees. Wal-Mart and Gonzalez now appeal the district court's fee order. We reverse.

I.

We lack jurisdiction to review the decision to remand this case to state court, but we may review the district court's order awarding attorneys' fees. *See Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001). The decision to award attorneys' fees is reviewed for abuse of discretion. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004). Yet, as the Supreme Court explained, "that an award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales, does not mean that no legal standard governs that discretion." *Martin v. Franklin*

*Capital Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141; *see also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Wal-Mart and Gonzalez argue that they had an objectively reasonable basis to remove this matter to federal court based on improper joinder.

A court will find improper joinder if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). To determine whether a defendant is improperly joined, the district "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* If "a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

## II.

In their notice of removal, Wal-Mart and Gonzalez addressed each of Probasco's claims against Gonzalez and referenced relevant law to argue that the complaint failed to state a claim against Gonzalez. Gonzalez then moved to dismiss the claims against him based on a lack of subject-matter jurisdiction, reiterating the same arguments regarding improper joinder. *See id.* at 210 (explaining that "the only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction"). As relevant here, the notice of removal and the motion to dismiss cited circuit and district court authority in support of the proposition that Probasco failed to plead sufficient facts to state a defamation claim. *See Ameen v. Merck & Co., Inc.*, 226 F. App'x

No. 18-50187

363, 370 (5th Cir. 2007); *Gipson v. Wal-Mart Stores, Inc.*, No. 08-2307, 2008 WL 4844206, at \*9 (S.D. Tex. Nov. 3, 2008); *Garrett v. Celanese Corp.*, No. 02-1485, 2003 WL 22234917, at \*4–5 (N.D. Tex. Aug. 28, 2003).

The district court denied Gonzalez's motion to dismiss and remanded this case to state court without discussing improper joinder. The district court also held that Probasco was entitled to attorneys' fees because, "[a]s Gonzalez and Plaintiff are both citizens of the same state, it is clear that Gonzalez lacked an 'objectively reasonable basis' for removal." To the extent the district court concluded that Wal-Mart and Gonzalez lacked an objectively reasonable basis for removal without considering their improper joinder arguments, this was an abuse of discretion. *See Martin*, 546 U.S. at 139. On Gonzalez's motion for reconsideration, the district court held that there was no improper joinder because Probasco stated a plausible defamation claim against Gonzalez. The court reaffirmed its conclusion that there was no objectively reasonable basis for removal, reasoning that the complaint set forth more than enough facts to survive a Rule 12(b)(6) motion to dismiss the defamation claim.[1]

Wal-Mart and Gonzalez argue that they had a reasonable basis for removal because they relied on existing case law indicating that Probasco failed to plead sufficient facts to state a defamation claim. Probasco's complaint alleges that Gonzalez made "false, malicious, and defamatory statements to third persons," including telling Probasco's coworkers "that he was dishonest and failed to perform or inadequately performed his job duties." The complaint further alleges that Gonzalez made false statements "with malice, and without a legitimate business purpose[]," and that the statements "injured [Probasco's] reputation for honesty and his reputation in his profession and work."

---

[1] The district court did not address whether Probasco's other claims against Gonzalez could survive a Rule 12(b)(6) motion to dismiss.

No. 18-50187

Federal courts apply federal rather than state pleading standards to determine whether a complaint states a claim against a nondiverse party. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 208. Wal-Mart and Gonzalez contend that Probasco failed to state a defamation claim because he did not identify the specific statements allegedly made by Gonzalez. *See Ameen*, 226 F. App'x at 370. Further, Wal-Mart and Gonzalez assert that federal district courts in Texas consistently require defamation plaintiffs to identify the time and place of the alleged defamatory statements and the identity of the third party to whom the statements were made. *See Gipson*, 2008 WL 4844206, at *9; *Garrett*, 2003 WL 22234917, at *4–5; *Jackson v. Dallas Indep. Sch. Dist.*, No. 398-1079, 1998 WL 386158, at *5 (N.D. Tex. July 2, 1998).

A fee award is inappropriate if the removing party "could conclude from [existing] case law that its position was not an unreasonable one." *Valdes*, 199 F.3d at 293; *see also Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268, 271 (5th Cir. 2014) (reversing an award of attorneys' fees "in light of authority from sister circuits arguably supporting" removal). The district court did not discuss the cases cited by Gonzalez and Wal-Mart in the notice of removal and the motion to dismiss. Nor did the district court explain why it would be unreasonable for the defendants to rely on this case law. After reviewing the complaint and the cases cited, we find that Wal-Mart and Gonzalez had an objectively reasonable basis for seeking removal and the district court abused its discretion in awarding attorneys' fees to Probasco.[2]

The district court's fee order is REVERSED.

---

[2] Because we consider only the reasonableness of removal, we need not decide whether Probasco pleaded sufficient facts to state a defamation claim. Moreover, contrary to Probasco's arguments, Wal-Mart and Gonzalez are not required to demonstrate that it would be impossible for him to amend his complaint to plead a plausible defamation claim. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 206–08; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995).

No. 18-50187

JAMES L. DENNIS, Circuit Judge, dissenting:

I respectfully dissent. We are required to review the district court's decision only for an abuse of discretion. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales."); *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280–81 (5th Cir. 2009) (holding, in reviewing for whether removal was objectively reasonable, that "[a]lthough it may have been 'objectively unreasonable' for" the removing party to conclude it had a basis to remove, "we cannot say that reaching the opposite conclusion was an abuse of discretion"); *see also CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 638 F. App'x 255, 260 (5th Cir. 2015) ("*Abshire* establishes that although we must determine the state of the law at the time of removal to assess whether an 'objectively reasonable basis' existed for removal, objective reasonableness is not a question of law reviewed de novo.").

The district court applied our circuit precedent in *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) to conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations in the complaint to determine whether it states a claim under state law against the in-state defendant. The district court determined the complaint did state a claim against Gonzalez, the in-state defendant here. Thus, the district court found that "Plaintiff has plainly stated a sufficient cause of action to survive a Rule 12(b)(6) analysis" and "Gonzalez's counsel fell far short of demonstrating that Plaintiff failed to state a claim against Gonzalez." In my view, the district court did not abuse its discretion; we are not called upon to review de novo whether Wal-Mart and Gonzalez had an objectively reasonable basis for seeking removal.

6