# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2023

Lyle W. Cayce
Clerk

―――――――――

No. 23-10311

―――――――――

Jesse Casas,

*Plaintiff—Appellee*,

*versus*

Lickity Split Expediting, L.L.C.,

*Defendant—Appellant*.

―――――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CV-37

―――――――――――――――――――――――――――

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:[*]

The district court has remanded this case twice to the state court, and as part of its second order remanding the case, it awarded attorney's fees against Appellant Lickity Split Expediting, L.L.C., in the amount of $35,980.00. Because we find that the district court did not abuse its discretion in calculating or awarding these fees, we AFFIRM the lower court's grant of attorney's fees.

―――――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10311

## I.

This appeal arises out of a tort suit initiated by Jesse Casas in state court for an injury sustained when an industrial air conditioner was dropped from a crane onto his legs on April 30, 2021. On May 28, 2021, Casas sued Temtrol, Inc. ("Temtrol"), Anthony Mechanical Services, Inc. ("AMS"), and Lickity Split in the 99th Judicial District of Lubbock County for negligence and gross negligence.

## A.

### The First Remand

In August 2021, Nortek Air Solutions, LLC ("Nortek") appeared in state court and removed the case to federal court. Nortek contended that it had merged with Temtrol, Temtrol no longer existed, and that Casas intended to sue Nortek instead of Temtrol.[1] Nortek also alleged that Casas fraudulently joined AMS to defeat diversity. However, Nortek was not a named defendant and had never sought to become one in state court. Casas filed a motion to remand, arguing that Nortek lacked the requisite authority to initiate removal proceedings and that federal precedent required a remand.

On February 23, 2022, Judge James Hendrix agreed with Casas and remanded the case to state court after finding that Nortek "has no voice in these proceedings" and that a "nonparty may not remove a case from state to federal court, regardless of whether it believes it should be a party."

---

[1] Although Temtrol was created on August 12, 1955, it ceased to exist in 2010 pursuant to Oklahoma's General Corporation Act when it was converted into Temtrol, LLC. After a merger with another company called CES Group, LLC in 2014, the surviving entity eventually became Nortek.

No. 23-10311

**The Second Remand**

About two weeks after Judge Hendrix remanded the case, Lickity Split removed the case to federal court, arguing (on the same grounds as Nortek) that AMS was improperly joined. The district court again remanded the case to state court, finding that the removal was procedurally deficient under 28 U.S.C. § 1446(b)(2)(A) because no other defendant consented to Lickity Split's motion.[2]

After remanding, the district court ordered Casas to file a motion for fees pursuant to 28 U.S.C. § 1447(c) which authorizes a district court to award attorney's fees incurred as a result of removal. Casas was ordered to focus on the availability of fees where a defendant failed to comply with the procedural requirements of removal. Casas filed the application for attorney's fees, requesting a "lodestar" calculation of $122,350 in fees. Lickity Split responded that no fees were warranted because they believed the consent requirement did not apply to Temtrol, which had merged with Nortek. The district court disagreed, however, and granted Casas's application for attorney's fees in part, awarding $35,980.00 to Casas.

First, the district court found that Lickity Split's removal attempt was "objectively unreasonable because it failed to comply with the fundamental statutory requirement that all properly joined defendants consent to removal." The district court, having found that Temtrol was already a party to the suit, "put [Lickity Split] on notice that Temtrol was a proper defendant and, as such, any removal required its consent."

---

[2] *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), *all defendants* who have been properly joined and served must join in or consent to the removal of the action.") (emphasis added).

3

Second, the district court quantified the amount owed by Lickity Split using the lodestar method. After reviewing the time entries submitted, the district court concluded that Casas's attorneys expended a total of 198.2 hours in connection with both removals, 70.4 of which responded to the Nortek removal.

Lickity Split argued that Casas should not recover for hours spent responding to Nortek's removal action, because they were not related to Lickity Split's removal. However, the district court found that Lickity Split "duplicated Nortek's improper-joinder argument" and that Casas "reasserted—essentially verbatim—the counterarguments he presented in his first motion to remand." Therefore, now faced with a second procedurally defective removal, the district court found that it could not "ignore the time Casas's attorneys wasted litigating the improper-joinder issue" in the first removal action. "Irrespective of when the issue was first raised, [Lickity Split] made a strategic choice to raise it again." As such, the district court included the time spent in the Nortek removal and the hours spent otherwise responding to Lickity Split's procedurally defective attempt to remove.

Third, the district court found that certain reductions were necessary to account for the lack of evidence of billing judgment in the record. As to the time entries *before* Lickity Split's removal, the district court found that Casas failed to produce evidence showing that the entries related only to the improper joinder argument. With respect to the time entries *after* Lickity Split's removal, the district court found that it lacked the requisite information to confirm that Casas has not "double billed" for the same work in the context of both removals. Given the lack of specificity, the district court found that (1) "a reduction by 20% of the total hours billed *before* [Lickity Split's] removal reasonably adjusts the relatively minor number of hours billed with respect to the first removal;" and (2) "that a larger 40%

No. 23-10311

reduction of the total hours billed *after* [Lickity Split's] removal is reasonable to correct for the substantial overlap between each motion to remand."

After imposing the percentage reductions and removing a senior paralegal's hours, the district court found that Casas's team reasonably expended 127.04 hours of labor in response to Lickity Split's defective removal.

Fourth, the district court determined that "exorbitantly high rates charged by the Buzbee Law Firm" were not supported by Casa's evidence. As such, the district court reduced the hourly rates charged by Casas's lawyers.[3] Altogether, "when multiplying the reasonable number of hours worked by each attorney by his or her reasonable hourly rate, [the district

---

[3] The district court found that: "Buzbee has failed to consider three factors in particular: (1) the relevant market; (2) the type of work performed by his firm; and (3) the size and breadth of his firm. *See Jiwani* [*v. United Cellular, Inc.*], No. 3:13-CV-4243-M-BK, 2014 WL 4805781, at *5 (finding that a court may take judicial notice of a report prepared by the Texas State Bar); *see also* FED. R. EVID. 201(b)(2) (permitting a court to take judicial notice of facts that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned')."

The district court also noted that "Buzbee points to Houston rather than Lubbock—where this Court sits—as the relevant market, which improperly drives up his rates." Moreover, "[h]ourly rates recently approved in this district—though not dispositive—further undercut the rates proposed by Buzbee."

court found] the lodestar is $35,980.00." Lastly, the district court found that, under the *Johnson* factors,[4] no further adjustments were necessary.[5]

**B.**

Lickity Split appeals the district court's grant of attorney's fees. First, Lickity Split argues that the district court abused its discretion in awarding the fees because its removal was "objectively reasonable" because: (1) Temtrol ceased to exist over a decade before Lickity Split's removal; and (2) the district court had previously issued an order stating that Temtrol's successor entity, Nortek, "had no voice in these proceedings" after Nortek had attempted to remove the case. Lickity Split further argues that the district court abused its discretion by improperly awarding attorney's fees to Casas for work unrelated to Lickity Split's removal, i.e., the fees Casas's attorneys billed for work relating to Nortek's removal attempt. Lastly, Lickity Split contends that the district court abused its discretion by improperly awarding attorney's fees for hours expended by Casas's attorneys on the

---

[4] *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). "[A] court may, if necessary, adjust the lodestar based on the weight of twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

[5] Specifically, the district court found: "Casas does not identify any business that his attorneys refused due to their handling of these proceedings. Nor does he point to any reason that has made his case undesirable to undertake. And Casas does not have a pre-existing relationship with the Buzbee Law Firm that would justify an atypical rate. Finally, other fee awards granted by courts in this district under Section 1447(c)—though at times smaller than the lodestar here—do not justify any further adjustment because those cases dealt with less involved, less time-consuming motions to remand."

No. 23-10311

issue of improper joinder, the merits of which the district court never addressed.

**II.**

This Court reviews a district court's award of attorney's fees award for an abuse of discretion and the factual findings supporting the fee award for clear error.[6]

"When the district court remands a case to state court, it has discretion to award the non-removing party its attorney's fees incurred as a result of the removal, *see* 28 U.S.C. § 1447(c), but '[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.'"[7] The Court focuses on an "objective view of the legal and factual elements in each particular case."[8] This Court must "evaluate the objective merits of removal at the time of removal" and ask "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[9] The party challenging the award must point to "authority showing that the district court erred in its assessment of the relevant facts or in its legal conclusion" and cannot simply plead that the "the district court abused its discretion."[10]

---

[6] *See Omega Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, 592 F. App'x 268, 270 (5th Cir. 2014); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).

[7] *Omega Hosp.*, 592 F. App'x at 270 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005)).

[8] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

[9] *Id.*

[10] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 857 F. App'x 786, 793 (5th Cir. 2021).

No. 23-10311

Lastly, "[f]ailure to raise an argument before the district court waives that argument" on appeal.[11] This Court does not "consider a waived argument 'absent extraordinary circumstances.'"[12]

## III.

## A.

We find that the district court did not abuse its discretion in awarding the attorney's fees. The district court's determination was reasonable, as it relied on the plain terms of 28 U.S.C. § 1446(b)(2)(A) and binding Fifth Circuit law.

28 U.S.C. § 1446(b)(2)(A) requires that "*all defendants* who have been properly joined and served must join in or consent to the removal of the action."[13] As the district court explained, "the plain text of the removal statute defies the reasonableness of [Lickity Split's] removal." In this case, Lickity Split failed to obtain Temtrol's consent before removing the case to federal court, thereby failing to comply with the procedural requirements of removal. The district court also explained that "Fifth Circuit precedent further highlights the unreasonableness of [Lickity Split's] argument . . . . [as] [t]he Fifth Circuit has repeatedly affirmed that '[t]he law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition.'"[14]

---

[11] *Rossco Holdings, Inc. v. McConnell*, 613 F. App'x 302, 307 (5th Cir. 2015) (quoting *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011)).

[12] *McConnell*, 613 F. App'x at 307 (quoting *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996)).

[13] 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

[14] *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

8

No. 23-10311

Lickity Split counters that the district court created an inescapable "Catch-22" because, at the time of its removal, Temtrol no longer existed as a corporate entity and the district court had found that Temtrol's successor, Nortrek, had no say in the proceedings. The district court, however, directly addressed this "procedural paradox" and explained that it had already recognized Temtrol as a party to the suit. We find no clear error in the district court's factual finding with respect to Temtrol's status as a party in the underlying case—Temtrol maintained a registered agent on the Texas Secretary of State's website, Casas served the registered agent, and it was undisputed that Temtrol was being represented by counsel in the state court proceedings. The district court thus "put [Lickity Split] on notice that Temtrol was a proper defendant and, as such, any removal required its consent."

Furthermore, "although the [district court] previously rejected Nortek's status as a party to this suit, it never discredited Nortek's legal existence or its authority to act on behalf of Temtrol." We then agree with the district court that there was no reason why Nortek could not have simply signed the removal petition on Temtrol's behalf.

Having carefully considered Tremtol's status as a party to the underlying suit, the plain terms of 28 U.S.C. § 1446(b)(2)(A), and binding Fifth Circuit law, we hold that the district court did not abuse its discretion in awarding attorney's fees against Lickity Split.

**B.**

We also find that the district court did not abuse its discretion in awarding fees for time spent on Nortek's attempted removal.

The district court found that it could not "ignore the time that Casas's attorneys wasted litigating the improper-joinder issue" in the Nortek removal, an issue that Lickity Split strategically chose to raise again. The

9

No. 23-10311

district court, however, awarded only a fraction of the fees Casas requested relating to the time incurred responding to Lickity Split's joinder argument, as it reduced (1) the number of recoverable hours by twenty percent to account for a "lack of evidence of billing judgment" and potential for "double-billing;" (2) the number of recoverable hours by another forty percent to account for overlap between each motion to remand; and (3) the requested hourly rates for Casas's counsel. Under these facts, we find that the district court did not abuse its discretion in awarding fees for work relating to the first removal action, as Lickity Split made the strategic decision to revive the argument in its own removal action.

## C.

Lastly, as to Lickity Split's argument that the district court abused its discretion by improperly awarding attorney's fees to Casas for hours expended by his attorneys on the issue of improper joinder (instead of the "winning" procedural defect argument), we find that Lickity Split failed to preserve this argument for appeal as it was not raised before the district court. Seeing as there are no "extraordinary circumstances" warranting a different finding, we cannot find that the district court abused its discretion.[15]

* * * * *

"[B]earing in mind [the district] court's superior understanding of the litigation and of the costs and fees reasonably incurred in that litigation," we find that the district court did not abuse its discretion by awarding attorney's fees or by including fees associated with the fist removal action.[16] Lickity Split also failed to preserve its last argument that the district court abused its

---

[15] *See McConnell*, 613 F. App'x at 307.

[16] *Pathway Data*, 857 F. App'x at 793.

No. 23-10311

discretion in awarding fees pertaining to the issue of joinder. For these reasons, we AFFIRM the district court's order granting attorney's fees.